The Court has advised me that I have the right to be represented by an attorney and if indigent to have an attorney appointed to represent me. **I WAIVE MY RIGHT TO AN ATTORNEY AND WISH TO PROCEED IN THIS CASE WITHOUT AN ATTORNEY.**

I find the Defendant understands and freely and voluntarily waives the right to an attorney

_____ _____  _____ _____
Date                 Defendant                             Date                 Judge

( ) I waive my right to a preliminary examination and agree for my case to be bound over to the _____ County Grand Jury.
( ) I waive my right to be tried only after being indicted by the Grand jury and **waive my right to a trial by jury and plead NOT GUILTY** to violation(s) of TCA _____

_____  _____  _____
Attorney for Defendant                Date                  Defendant

Tenn. R. Crim. P. 44 requires defendants to execute a written waiver of the right to counsel. However, the Court must also orally explain many rights, and the effect of a waiver of those rights, prior to accepting the defendant's waiver. See Tenn. R. Crim. P. 44(a); Smith v. State, 987 S.W.2d 871 (Tenn. Crim. App. 1998).

I plead GUILTY to violation of T.C.A._____. I have been advised by the Court of the following: (1) the nature of the charge(s) to which the plea is offered; (2) the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; (3) if applicable, a different or additional punishment may result by reason of my prior conviction(s) or other factors which may be established in the present action after the entry of my plea; (4) if applicable, any prior convictions may be presented to the Court for its consideration in determining punishment; and (5) that I have the following rights: (a) to be prosecuted only upon an indictment or presentment; (b) to be represented by an attorney at every stage of the proceeding and, if necessary, to the appointment of an attorney; (c) to plead not guilty or to persist in that plea if it has already been made; (d) to be tried by a jury and to the assistance of an attorney at such a trial; (e) to confront and cross-examine witnesses against me; (f) not to be compelled to incriminate myself; (g) to have an appellate court review the basis of my conviction; and (h) to have a jury set any fine greater than $50.00.

I understand that if I plead guilty I waive all of these rights, including my right to a trial. I understand that there will not be a trial of any kind. Pursuant to the terms of my plea agreement, there ☐ will ☐ will not be a sentencing hearing. I understand that if I plead guilty I may be asked questions about the offense(s) to which I have pleaded, and if I answer these questions under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or aggravated perjury. After carefully considering all of these matters, I voluntarily waive my rights and request that the Court accept my plea of GUILTY.

_____  _____  _____
Attorney for Defendant                Date                  Defendant

I addressed the defendant personally in open court, advised him/her of the rights itemized above, inquired into his/her understanding of the consequences of entering a guilty plea, and inquired into the accuracy of the plea. I hereby conclude that the defendant understands his/her rights, that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, that there is a factual basis for the plea, and that the defendant's willingness to plead guilty results from prior discussions between the District Attorney General and the defendant or the defendant's attorney. I find that the plea of GUILTY heretofore entered by the defendant is acceptable and, therefore, accept the plea. The judgment and sentence shall reflect the disposition provided for in the plea agreement.

_____  _____
Judge                                 Date

## GENERAL SESSIONS COURT OF DICKSON COUNTY TENNESSEE

**State of Tennessee vs. Joshua A Garton**

State Control # 5092159      Dickson County      Case # 22GS1-2021-CR-118 (Harassment)

**JUDGMENT**

__✓__ (✗) Dismissed   ( ) Not Guilty   ( ) Nolle Prosequi   ( ) Pretrial/Judicial Diversion _____

__✓__ Costs taxed to the Prosecutor _____
     ( ) State's motion to not prosecute   (✗) after preliminary hearing   ( ) affiant did not appear   ( ) Defendant waived extradition

_____ Cost taxed to the Defendant _____
     ( ) Costs and taxes   ( ) Cost

_____ Defendant Indigent _____

_____ Found GUILTY of violation of TCA _____
     fined $ _____, taxed with costs and taxes and sentenced to serve _____ months _____ days in the _____ County Jail (Class_____ Misd.)

_____ Jail sentence suspended except _____ on condition of good behavior, payment of fines, costs and taxes and restitution of $_____ to _____ and ( ) no contact with _____
     ( ) supervised probation for _____ ( ) unsupervised probation for _____
     ( ) not drive in Tennessee for _____ year(s) and completion of ( ) DUI school   ( ) alcohol/drug evaluation and counseling   ( ) domestic abuse counseling
     ( ) _____ hours of community service _____
     To report to serve on _____ at _____ am/pm. Time served credit _____   ( ) Sentence may be served on consecutive weekends

_____ Release eligibility date is _____ % of the term of imprisonment

_____ ( ) Appealed   ( ) Defendant bound over to _____ County Grand Jury after ( ) preliminary hearing   ( ) waiving preliminary hearing and
     ( ) bail set at $_____   ( ) Defendant shall continue on current bond of $ _____

_____ Other _____

2/3/2021                                              [signature]
Date                                                  Judge

_____
District Attorney

Case 3:21-cv-00338   Document 1-4   Filed 04/27/21   Page 1 of 1 PageID #: 244