# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOSHUA GARTON, ) | |
|     Plaintiff, ) | |
| ) | Case No. 3:21-cv-00338 |
| v. ) | Judge Trauger |
| ) | |
| W. RAY CROUCH, et al. ) | |
|     Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant District Attorney General W. Ray Crouch ("General Crouch") submits this Memorandum of Law in support of his Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6).

## I. BACKGROUND

On April 27, 2021, Plaintiff filed this action under 42 U.S.C. § 1983 against a number of defendants, including General Crouch. (DE 1 PageID# 3-6). General Crouch is sued individually and in his official capacity. (*Id.* PageID# 3). Plaintiff claims that, as a result of a civil conspiracy between the defendants, he was unlawfully arrested and maliciously prosecuted in retaliation for exercising his First Amendment rights. (*Id.* PageID# 15-21).

In January 2021, Plaintiff was investigated and arrested for manufacturing and disseminating a photoshopped photograph on social media, specifically Facebook, that was critical of law enforcement. (*Id.* PageID# 1-2, 7-9). This photograph, described as a meme, appeared to depict the gravesite of recently deceased Dickson County Police Department Sergeant Daniel Baker. (*Id.*) The meme depicted two individuals urinating on what appeared to be the grave of

Sergeant Baker. (*Id.*) The caption read "Just showing my respect to Deputy Daniel Baker from the #dicksonpolicedepartment."[1] (*Id.* PageID# 7).

Since the photograph/meme was posted on social media under a pseudonym, law enforcement solicited the assistance of the public and encouraged local citizens to come forward with any information about the person responsible for the post. (*Id*. PageID# 8-9). Law enforcement eventually uncovered Plaintiff's identity through tips provided by local citizens, as well as a technical investigation. (*Id.* PageID# 9; DE 1-3, Craig Aff., PageID# 243). Plaintiff was subsequently arrested, based on a probable cause finding by Judicial Magistrate, Kendra Clayborn, that Plaintiff had committed one count of the criminal offense of Harassment. Tenn. Code Ann. § 39-17-308. (*Id.*). Plaintiff was detained on a bond of $76,000 in the Dickson County jail, to await a preliminary hearing. (DE1 PageID# 9).

On February 3, 2021, Plaintiff's preliminary hearing on the harassment charge was held before Judge Craig Monsue. (*Id.*, PageID# 15). (Prelim. Hrg. Tr., attached as Ex. 1).[2] At the conclusion of the hearing, Judge Monsue found that the photograph was not protected speech under

---

[1] The meme's caption incorrectly refers to Sgt. Baker as a deputy with Dickson County Police Department.

[2] In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), the Supreme Court held that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss." In particular, the Court noted that courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* In *Gardner v. United States*, 443 Fed.Appx. 70, 73 (6th Cir. 2011), the Sixth Circuit held that courts may also consider "matters of public record, items appearing in the record of the case, and exhibits attached to the complaint" in ruling on a 12(b)(6) motion. Indeed, the Sixth Circuit has adopted a liberal view of what matters fall within the pleadings for purposes of 12(b)(6) motions. *Rodriguez v. Providence Community Corrections, Inc.*, 191 F.Supp.3d 758, 762 (M.D. Tenn. 2016). "Extrinsic materials that 'fill in the contours and details' of a complaint without adding anything new may be considered without converting the motion to one for summary judgment." *Id.* (citing *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *Armengau v. Cline,* 7 Fed.Appx. 336, 344 (6th Cir. 2001). Here, Plaintiff's Complaint contains multiple references to the preliminary hearing before Judge Monsue, including a quote from the hearing transcript, (DE1 PageID# 15 at ¶ 45), but Plaintiff fails to provide this Court with Judge Monsue's complete ruling. Accordingly, Defendant Crouch attaches a copy of the transcript as Exhibit 1 to this memorandum.

the First Amendment.  (Ex. 1, Prelim. Hrg. Tr. at 134:10-14; 135:5-8).  Additionally, Judge Monsue did not find probable cause to believe the posting of the photograph constituted a threat of harm to Lisa Baker, widow of Sergeant Baker. (DE 1 PageID #15; Ex. 1, Prelim. Hrg. Tr. at 141:17-22).  Judge Monsue dismissed the harassment charge and Plaintiff was released from custody. (*Id.* PageID#15; DE 1-4 PageID# 244).

Plaintiff now seeks injunctive and declaratory relief and monetary damages not less than $1,000,000.00 against all defendants.  (*Id.* PageID# 26).

## II. ARGUMENT

### A. All claims against General Crouch should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Rule 12(b) of the Federal Rules of Civil Procedure allows a defendant to challenge the legal sufficiency of the complaint and provides that certain defenses to a claim for relief may be made by motion. Fed. R. Civ. P. 12(b).  Lack of subject matter jurisdiction is the first such enumerated defense. *Id.* 12(b)(1). Defendant seeks dismissal under 12(b)(1) by challenging the sufficiency of Plaintiff's Complaint.  When challenging a court's subject matter jurisdiction under Rule 12(b)(1), a defendant may either facially attack the plaintiff's complaint by testing the sufficiency of the pleading itself, or by arguing the existence or non-existence of facts that would deprive a court of subject matter jurisdiction. *See Smith v. Northwest Airlines, Inc.* 141 F. Supp. 2d 936, 939-40 (W.D. Tenn. 2001) (citations omitted).  A factual attack is based on evidence outside the complaint and requires the court to weigh that evidence to determine whether it has jurisdiction. *Id.*  In reviewing a factual attack, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  Plaintiff bears the burden of proving that jurisdiction exists against either type of challenge. *Rogers v. Stratton Indus., Inc.*,

3

798 F.2d 913, 915 (6th Cir. 1986); *Mooneyham v. Equifax Info. Servs., LLC*, 99 F. Supp. 3d 720, 722 (W.D. Ky. 2015). Because General Crouch is attacking the sufficiency of the pleading, the Court accepts the allegations in the Complaint as true. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must also accept all of the Complaint's factual allegations as true and then construe the Complaint in the light most favorable to the Plaintiff. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). All ambiguities must be resolved in the Plaintiff's favor. *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993) (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577 (6th Cir. 1992)). After assuming the veracity of Plaintiff's factual allegations and construing ambiguities in his favor, the Court must then determine whether those allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations pled are sufficient when a court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and there is "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. All claims against General Crouch are barred because of the *Rooker-Feldman* doctrine.**

The *Rooker–Feldman* doctrine, "a combination of the abstention and res judicta doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court." *U.S. v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923)). A party raising a federal question decided in a state court must appeal the state court decision through the state system and then directly to the Supreme Court of the United States. *Id*. The *Rooker-Feldman* doctrine applies not only when a party

4

expressly appeals a state court decision to a lower federal court, but also whenever the issues raised in the federal action implicate the validity of the state court proceedings. *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2007). If this Court were to consider and then determine that Plaintiff's meme was protected speech under the First Amendment, this would be an improper intrusion of this Court into Judge Monsue's judgment in the criminal court proceedings.

Plaintiff raised his federal claim of First Amendment violations during the state criminal proceeding, but by not including this fact in his Complaint, he attempts to avoid application of the *Rooker-Feldman* doctrine by this Court. While Plaintiff has not characterized his federal lawsuit as an appeal of Judge Monsue's ruling, it clearly is. Prior to the preliminary hearing on the harassment charge, Plaintiff's criminal defense counsel filed a Motion to Dismiss and Supporting Memorandum arguing that the meme was protected speech under the First Amendment and that the State (represented by General Crouch) retaliated against Garton because it disagreed with his viewpoint – the exact allegations in this matter. (Ex. 2, Garton's Motion to Dismiss and Memorandum, Case No. 2021-CR-118).[3] The memorandum describes the alleged actions of General Crouch and others (all defendants in this case) in investigating and ultimately arresting Garton for violating Tenn. Code Ann. § 39-17-308 - Harassment. (*Id.*). At the preliminary hearing, Judge Monsue considered this defense and ruled that the meme/photograph at issue was not protected speech. (Ex. 1, Prelim. Hrg. Tr. at 134:10-14; 135:5-8). Following this ruling, Judge Monsue considered the elements of Tenn. Code Ann. § 39-17-308 and determined that because the meme posting did not constitute harassment, the charge should be dismissed. (*Id.* at 135-141:9-22).

---

[3] *See* footnote 2, *supra.*

The *Rooker-Feldman* doctrine is "based upon the principles of abstention and res judicata, [and] promotes notions of federalism and comity by preserving the integrity 'of the state court decision-making process' and 'the repose of state court judgments.'" *Gilbert v. Ferry*, 401 F.3d 411, 418 (6th Cir. 2005) (citing *Adkins v. Underwood*, 520 F.2d 890, 892-93 (7th Cir. 1975)). An "elementary principle" of the *Rooker-Feldman* doctrine is "that a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately the Supreme Court under [28 U.S.C.] § 1257, not a separate action in federal court." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 364 F.3d 102, 105 (3rd Cir. 2004) (citations omitted).

Plaintiff argues that General Crouch arrested Plaintiff in retaliation for Plaintiff engaging in certain speech and expression that he insists was protected under the First Amendment. (DE 1 PageID# 19-20). At his preliminary hearing, the state court held that the photograph was not protected speech under the First Amendment. (Ex. 1, Prelim. Hrg. Tr. at 134:10-14; 135:5-8). To determine whether *Rooker-Feldman* bars a claim the Court must look to the "'source of the injury the plaintiff alleges in the federal complaint.' . . . If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Thus, the doctrine bars any federal district court from hearing Plaintiff's First Amendment issue already raised and decided in a state court. Plaintiff did not inform the Court of Judge Monsue's ruling because he seeks to keep this Court ignorant of the state court ruling on the meme and declare the meme protected speech in order to proceed here with his § 1983 claim. All of Plaintiff's claims are based upon his assertion that his posting was protected speech and he was wrongly arrested and prosecuted because of it, but a state court has already determined that the meme was not protected speech. This Court is not the forum to attack Judge Monsue's decision

6

regarding the issue of protected speech. Plaintiff must appeal the state court's decision through the state system, and then directly to the Supreme Court of the United States.

Because of the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over all claims against General Crouch and they should be dismissed. Additionally, the Complaint fails to state a claim upon which relief can be granted against General Crouch because of his prosecutorial immunity.

### C. All claims against General Crouch are barred because he enjoys absolute prosecutorial immunity.

"Absolute prosecutorial immunity . . . is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). The purpose of prosecutorial immunity is to prevent "harassment by unfounded litigation [that] would cause a deflection of the prosecutor's energies from his public duties," and avoid "the possibility that [the prosecutor] would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423.

A prosecutor's decision to initiate prosecution and present the State's case is entitled to absolute immunity. *Id.* at 430; *Lomaz v. Hennosy*, 151 F.3d 493, 498 (6th Cir. 1998). The Sixth Circuit has clarified some of the circumstances under which a prosecutor is acting as an officer of the court, stating:

> Since the [Supreme] Court's decision in *Imbler*, courts have taken a functional approach to absolute immunity. Using this approach, courts have concluded that a prosecutor is protected in connection with his duties in functioning as a prosecutor. Accordingly, prosecutors are absolutely immune from many malicious prosecution claims. Likewise, absolute immunity is appropriate for claims based on the prosecutor's appearance at a probable cause hearing and before a grand jury.

7

*Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2003) (internal citations and quotations omitted). In essence, "[t]he analytical key to prosecutorial immunity . . . is advocacy-whether the actions in question are those of an advocate." *Id*. at 798. Indeed, "the critical inquiry is how closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process." *Id*. (emphasis in original) (quoting *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000)). "[A]bsolute immunity allows a prosecutor to exercise his independent judgment in '*deciding which suits to bring* and in conducting them in court' based on his duty to the public rather than on a fear of potential liability in a suit for damages." *Grant*, 870 F.2d at 1137 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 424-25) (emphasis added). "[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) (citations omitted). Prosecutors are immune from liability even if their acts were in error, were wrongful, or were done maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

"[T]he rationale for granting absolute immunity is as much to protect the relevant persons from a trial on their actions as it is to protect them from the outcome of the trial." *McSurely v. McClellan*, 697 F.2d 309, 315 (D.D.C. 1982) (citation omitted). In other words, absolute prosecutorial immunity is immunity from *suit*, so it defeats a suit at the outset. *Cady v. Arenac County*, 574 F.3d 334, 339–40 (6th Cir. 2009). Absolute prosecutorial immunity attaches to all actions undertaken by General Crouch that were necessary to initiate or continue the criminal action against Plaintiff. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997); *see also Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (explaining that absolute prosecutorial immunity "cover[s] any activities undertaken in connection with [one's] duties in functioning as a prosecutor" (citation and internal quotation marks omitted)). By their own terms, *court* summons

8

Case 3:21-cv-00338    Document 12    Filed 05/28/21    Page 8 of 14 PageID #: 288

and *court* hearings take place in the confines of the "'adversarial arena with its attendant safeguards that provide real and immediate checks to abusive practices,'" giving rise to absolute prosecutorial immunity. *Ireland*, 113 F.3d at 1447 n.7 (citation omitted).

All of Plaintiff's allegations against General Crouch relate to and concern his role as the prosecutor of the criminal action against Plaintiff to include investigation and preparation for the initiation of a prosecution or for the judicial process. Following the functional analysis above, General Crouch is entitled to absolute immunity for his decision to prosecute Plaintiff because that action is considered a core prosecutorial function. Accordingly, each and every action taken by General Crouch, as alleged in Plaintiff's Complaint, was clearly within his role as an advocate for the State and was clearly within the confines of a judicial proceeding – the type and manner of actions that allow General Crouch to enjoy absolute prosecutorial immunity. Therefore, the Complaint fails to state a claim against General Crouch and he should be dismissed.

**D. Claims for false arrest and conspiracy against General Crouch should be dismissed because he enjoys absolute prosecutorial immunity.**

<u>Claims of false arrest do not pertain to General Crouch.</u>[4]

For the reasons stated in the section above and stated below in this section, General Crouch asserts absolute immunity for his actions in prosecuting Plaintiff. Claims of false arrest to not pertain to General Crouch because he did not execute the affidavit of complaint (DE 1-3 PageID# 243), nor did he execute the arrest warrant (*id.*) and the Complaint does not contain any allegations that General Crouch physically arrested Plaintiff.

---

[4] Because Plaintiff has lumped all Defendants together in his allegations of false arrest, General Crouch responds to these allegations although they do not pertain to him.

### Plaintiff has failed to state a civil conspiracy claim under § 1983.

"A civil conspiracy under § 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Webb v. United States*, 789 F.3d 647, 670 (6th Cir. 2015) (quoting *Bazzi v. City of Dearborn,* 658 F.3d 598, 602 (6th Cir.2011)). A plaintiff must show that (1) a "single plan" existed; (2) defendants "shared in the general conspiratorial objective" to deprive the plaintiff of his constitutional rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused [the plaintiff's] injury." *Id.* (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir.1985)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id.* at 670–71. (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Moreover, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiff has not shown how General Crouch violated his established rights. Plaintiff only generally accuses Defendants collectively of acting in concert with and as agent of one another. (DE 1, PageID# 20-21). Plaintiff fails to assert that General Crouch, through his own individual actions, has violated his constitutional rights. By only alleging vague and conclusory allegation, unsupported by material facts, Plaintiff's assertions are not sufficient to state such a claim under § 1983.

Since Plaintiff cannot show an overt violation of his established rights through specific actions of General Crouch, his claims of false arrest and conspiracy against General Crouch should be dismissed.

10

### E. All claims for malicious prosecution should be dismissed.

Plaintiff asserts a malicious prosecution claim against General Crouch related to Plaintiff's arrest for violating Tenn. Code Ann. § 39-17-308 (harassment). (DE 1 PageID# 15-17). General Crouch also asserts absolute prosecutorial immunity against this claim.

The Sixth Circuit "'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment.'" *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006) (quoting *Thacker v. City of Columbus,* 328 F.3d 244, 259 (6th Cir. 2003)). The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process." *Sykes*, 625 F.3d 294, 308 (emphasis in original) (quoting *Wallace v. Kato,* 549 U.S. 384, 390, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (internal quotation marks omitted)). This type of claim includes wrongful investigation and prosecution without probable cause. *Barnes*, 449 F.3d 709 at 715.

In order to succeed on such a claim, Plaintiff must establish the following: (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute;" (2) a "lack of probable cause for the criminal prosecution;" (3) "as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure;" and (4) "the criminal proceeding must have been resolved in the plaintiff's favor." *Sykes*, 625 F.3d 294 at 308-309. But, "the existence or nonexistence of probable cause, however is not determinative of whether absolute immunity applies[.]" *Howell v. Sanders*, 668 F.3d 344, 350 (6th Cir. 2012). Even a prosecutor who "maliciously institutes a false prosecution with no probable cause is entitled to absolute immunity." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 275

& n.5, 113 S.Ct. 2606 (1993)). "Thus, the inquiry remains one of function and not probable cause." *Id.* Absolute immunity applies to a prosecutor's decision to file a criminal complaint or seek an arrest warrant. *See Imbler,* 424 U.S. at 430-31. In this case, a state court judge determined that probable cause existed upon the criminal complaint and affidavit filed by Defendant Craig, and General Crouch initiated criminal proceedings by ordering Plaintiff's arrest pursuant to the validly issued warrant. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.), *cert. denied,* 522 U.S. 996, 118 S.Ct. 560 (1977) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant . . . falls[s] squarely with the aegis of absolute prosecutorial immunity.").

General Crouch's prosecutorial immunity applies to bar Plaintiff's claims of malicious prosecution.

### F. Plaintiff's has failed to provide a basis for his injunctive relief request and declaratory relief against General Crouch is not warranted

Plaintiff asserts "upon information and belief" that General Crouch wishes to re-prosecute Plaintiff regarding the posted meme, but Plaintiff does not state any facts to support this assertion. (DE 1 PageID# 24-25). "[T]he party seeking a preliminary injunction bears the burden of justifying such relief." *Am. Civil Liberties Union Fund of Mich. v. Livingston County,* 796 F.3d 636, 642 (6th Cir. 2015). A preliminary injunction is an extraordinary measure which should not be extended to doubtful cases. *See Am. Civil Liberties Union of Ky. v. McCreary Cnty, Ky.*, 354 F.3d 438, 444 (6th Cir. 2003). A four factor test must be used to determine whether a request for a preliminary injunction is justified: (1) whether the movant has a likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause potential harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Id.* at 445. Plaintiff cannot meet his burden of establishing support for any of the four factors. Plaintiff's vague and speculative assertion that

General Crouch desires to prosecute Plaintiff again for this meme is neither actual, concrete, or particularized and does not establish imminent threat of harm. Plaintiff cites nothing to support his assertions and this Court should not entertain his request for injunctive relief.

This Court should also decline to consider Plaintiff's request for declaratory relief because doing so would be a review of Judge Monsue's ruling in violation of the *Rooker-Feldman* doctrine.

## III. CONCLUSION

For the foregoing reasons, all claims should be dismissed against General Crouch. The *Rooker–Feldman* doctrine bars federal district courts from reviewing state-court judgments rendered before the district court proceedings commenced and General Crouch enjoys absolute prosecutorial immunity for his actions in the underlying prosecution.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

By: */s/ Mary Elizabeth McCullohs*
Mary Elizabeth McCullohs, BPR No. 026467
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-8126
mary.mccullohs@ag.tn.gov
*Attorney for Defendant W. Ray Crouch*

**CERTIFICATE OF SERVICE**

   I hereby certify that, on May 28, 2021, a true and correct copy of the foregoing *Memorandum in Support of the Motion to Dismiss* was served via the CM/ECF upon the following:

| | |
|---|---|
| Daniel A. Horwitz<br>Lindsay B. Smith<br>Horwitz Law, PLLC<br>4016 Westlawn Dr.<br>Nashville, TN 37209<br><br>*Attorneys for Plaintiff* | Amanda S. Jordan<br>Meghan Murphy<br>Senior Assistant Attorneys General<br>Civil Law Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br><br>*Attorneys for Defendants Nealon, Winkler,<br>Melton, and Craig* |

               */s/ Mary Elizabeth McCullohs*