IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA GARTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:21-cv-00338 |
| ) | |
| W. RAY CROUCH, DAVID RAUSCH, ) | JUDGE ALETA TRAUGER |
| BRADLEY NEALON, RUSSELL ) | |
| WINKLER, JOSHUA MELTON, ) | JURY DEMAND |
| JOSEPH CRAIG, DONALD ARNOLD, ) | |
| ANDREW VALLEE, and ) | |
| CITY OF DICKSON, TENNESSEE ) | |
| ) | |
| Defendants. ) | |

### CITY OF DICKSON AND DONALD ARNOLD'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Come now the Defendants, City of Dickson and Donald Arnold, and file this Reply to Plaintiff's Response in Opposition to Defendants' Motions to Dismiss.

In his Response, Plaintiff continues to falsely assert that he has made a specific factual allegation showing a violation of his rights by Donald Arnold. (DE 55, Page ID #1866). In support of his claims, Plaintiff asserts that Capt. Arnold "was responsible for working with the Tennessee Bureau of Investigation, on behalf of the City of Dickson, to falsely arrest, maliciously prosecute, and unconstitutionally retaliate against Mr. Garton." Here, Plaintiff makes nothing more than a legal conclusion to attempt to impose liability against Capt. Arnold and the City of Dickson. Other than this broad allegation, Plaintiff fails to allege any specific facts supporting his allegation that Capt. Arnold arrested Plaintiff (falsely or otherwise) and actually admits that Defendant Joe Craig was the arresting officer. (DE 45, Page ID #1768, ¶ 42). Plaintiff also fails to allege

any specific facts supporting his allegation that Capt. Arnold or the City of Dickson maliciously prosecuted Plaintiff. The Amended Complaint is devoid of any facts supporting how either of these Defendants "made, influenced, or participated in the decision to prosecute" Mr. Garton. Plaintiff likewise fails to allege any facts supporting his claim that Capt. Arnold or the City of Dickson unconstitutionally retaliated against Mr. Garton.

Rather, Plaintiff continues to base his claims against Capt. Arnold and the City of Dickson on three items: (1) a text message from Capt. Arnold claiming Plaintiff has a right to post but could suffer consequences without explaining how such text message to another law enforcement officer forms the basis for a constitutional violation against Mr. Garton, (2) a text message by Capt. Arnold showing support for law enforcement colleagues without explaining how such a communication forms the basis of a constitutional violation against Mr. Garton, and (3) a TBI press release, again, while failing to include any argument as to how a press release that is hearsay and cannot be used against the City or Defendant Arnold forms the basis for a constitutional violation against Mr. Garton. (*Id.* at 1867-68).

Plaintiff has simply failed to allege any specific action by Capt. Arnold or other City employee that forms the basis of a constitutional violation against Mr. Garton. It is clear that Plaintiff and his counsel have contempt for Capt. Arnold's communications, but these communications do not form the basis of any constitutional violation against Mr. Garton. The TBI press release fails to do the same. For these reasons, Capt. Arnold and the City of Dickson maintain that there are no specific actions by them that violated Plaintiff's constitutional rights.

The City of Dickson also maintains that there is no custom, policy, or practice giving rise to a municipal liability claim. "To succeed on a municipal liability claim, a

plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010) (citing *Powers v. Hamilton County Pub. Defender Comm'n,* 501 F.3d 592, 606–07 (6th Cir. 2007)).

In his Response, Plaintiff asserts municipal liability based on the following purported actions/failures by the City: (1) requesting other agencies to launch investigations into people protesting Plaintiff's treatment, (2) Defendant Arnold's text messages cited above (though *respondeat superior* is not sufficient to impose liability on the City), (3) the City's failure to enact subsequent policies to protect *future* incidents similar to the one at issue, and (4) the City's failure to discipline any employees for misconduct. (DE 55, Page ID # 1868). None of these alleged actions or failures are the "moving force" behind Mr. Garton's alleged injuries. Rather, all of these alleged actions or failures took place *after* Mr. Garton's injuries. Because they all happened subsequent to Plaintiff's constitutional deprivation, they cannot serve as the "moving force" of the same. As explained in *Daniels v. City of Columbus,* 2002 WL 484622 (S.D. Ohio Feb.20, 2002):

> In most cases, once an individual's rights have been violated, a subsequent failure to conduct a meaningful investigation cannot logically be the "moving force" behind the alleged constitutional deprivation. *See Tompkins v. Frost,* 655 F. Supp. 468, 472 (E.D.Mich.1987) ("wrongful conduct after an injury cannot be the proximate cause of the same injury"); *Fox v. VanOosterum,* 987 F. Supp. 597, 604 (W.D. Mich. 1997) (argument that decision not to investigate, made after alleged violation took place, somehow caused that violation, defies logic). For this reason, mere ratification of the conduct at issue does not generally subject a municipality to § 1983 liability.

*Id.* at \*5.

To the extent Plaintiff is attempting to utilize these subsequent failures to allege a "ratification theory" of municipal liability, his strategy fails for the same reasons. Recent Courts have recognized that there is a somewhat colorable argument that the "moving force" component in municipal liability cases "is not necessary to establish municipal liability based on a ratification-by-a-final-decisionmaker theory." *See Brooks v. Spiegel*, 2021 WL 4026728, at *5 (6th Cir. Sept. 3, 2021). To succeed on this theory, the Court notes that "[i]f the authorized policymakers approve a subordinate's decision *and the basis for it,* their ratification would be chargeable to the municipality because their decision is final." *Id.* Here, there is no evidence to suggest (and no allegation in Plaintiff's Amended Complaint) that a final policy maker with the City ratified any basis for Capt. Arnold's actions. Thus, even to the extent Plaintiff sufficiently states the first portion of a ratification claim for municipal liability, Plaintiff fails to state any basis for Capt. Arnold's underlying actions. Plaintiff also fails to allege ratification of the basis of those actions as required.

Because Plaintiff continues to fail to point to a specific custom, policy, or practice that was the "moving force" behind his injuries and fails to properly plead a ratification theory of municipal liability, he fails to sufficiently allege a municipal liability claim against the City of Dickson.

Lastly, Plaintiff's Response attempts to bolster his equal protection claim by asserting that his equal protection claim is not a "class of one" claim and is, instead, based on disparate treatment based on his exercise of his First Amendment rights. (DE 55, Page ID #1869). Plaintiff refers to his allegation that "[s]imilarly situated individuals who posted the same image at issue were not subject to the same treatment the Plaintiff received because their posting of the image at issue expressed a different viewpoint than the Plaintiff had expressed." (*Id.*; DE 45, Page ID # 1776-77, ¶¶ 85-86). Under this

FB856176 / PEP 6830
4
Case 3:21-cv-00338   Document 56   Filed 09/16/21   Page 4 of 6 PageID #: 1878

theory, Plaintiff must set forth at least some facts to show that Capt. Arnold or the City of Dickson treated him disparately as compared to similarly situated persons and that such disparate treatment burdened a fundamental right. *Heard v. Crumpton*, 2015 WL 1275305, at *3 (M.D. Tenn. Mar. 19, 2015). In this case, Plaintiff has failed to allege any facts supporting his claim that Capt. Arnold or the City of Dickson treated him disparately as compared to similarly situated persons. In fact, he has failed to allege that Capt. Arnold or the City of Dickson took any action against him at all. Capt. Arnold did not arrest Mr. Garton, did not detain Mr. Garton, did not interrogate Mr. Garton, and was not involved in the decision to prosecute Mr. Garton. As a result, Plaintiff has failed to state a claim that Capt. Arnold or the City treated him disparately and such treatment burdened his fundamental right(s). As a result, Plaintiff has not sufficiently plead an equal protection claim against Capt. Arnold or the City of Dickson.

Wherefore, the City of Dickson and Donald Arnold respectfully request that this Court enter an Order dismissing the Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

*/s/ Ross V. Smith*
Kristin E. Berexa, #14833
Ross V. Smith, #34451
FARRAR & BATES, LLP
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
(615) 254-3060
kristin.berexa@farrar-bates.com
ross.smith@farrar-bates.com
*Counsel for Defendants*
*City of Dickson and Donald Arnold*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 16th day of September 2021, a true and correct copy of the foregoing has been forwarded via the Court's electronic filing system to:

Daniel Horwitz
Lindsay Smith
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
*Counsel for Plaintiff*

Brice Timmons
Craig Edgington
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, TN 38104
brice@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiff*

Mary Elizabeth McCullohs
Lauren Kisner
TN ATTORNEY GENERAL'S OFFICE
PO Box 20207
Nashville, TN 37202
mary.mccullohs@ag.tn.gov
*Counsel for Defendant Crouch*

Amanda Shanan Jordan
Meghan Murphy
TN ATTORNEY GENERAL'S OFFICE
PO Box 20207
Nashville, TN 37202
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov
*Counsel for Defendants Rausch, Nealon, Winkler, Melton, Craig, & Vallee*

                                         */s/ Ross V. Smith*
                                         Ross V. Smith