IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOSHUA GARTON, ) | |
|     Plaintiff, ) | |
| ) | Case No. 3:21-cv-00338 |
| v. ) | Judge Trauger |
| ) | |
| W. RAY CROUCH, et al. ) | |
|     Defendants. ) | |

### REPLY OF DEFENDANT CROUCH TO
### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS (DE 46)

    Plaintiff cannot have it both ways. On one hand, he claims General Crouch cannot use the Dickson County General Sessions Court preliminary hearing transcript to support application of the *Rooker-Feldman* doctrine yet, on the other hand, Plaintiff wants to use the transcript to support his claims and arguments. For example, most recently in his response in opposition, Plaintiff cites to the transcript in asserting his argument that "the [General Sessions Court] held that Plaintiff's speech was not a criminal offense as the government had maintained, and it held that Plaintiff had been arrested without probable cause as a result of his speech." (DE 55 PageID# 1859). Despite Plaintiff's incorrect characterization of this holding, Plaintiff has continually utilized the transcript for his own narrative. In fact, Plaintiff relies so heavily on the transcript to support his lack of probable cause argument that he refers to it in five different paragraphs in his Amended Complaint (DE 45 PageID# 1756, 1769, 1772).

    Without the transcript, it is impossible to determine on what basis Judge Monsue dismissed the harassment charge because the judgment entered consists of a half-page form on which Judge Monsue made several check marks, inserted the date, and signed his name. (DE 1-4 PageID# 244). The judgment does not contain any "written" descriptions of the evidence presented and

considered by him nor does it reflect the manner in which he evaluated the evidence and made his holdings and/or rulings. (*Id.*) The judgment entered on February 3, 2021, is devoid of context, and does not reflect any details of Judge Monsue's findings, legal conclusions, and holdings. In fact, the only document that captures the full scope of Judge Monsue's holdings and rulings is the February 3, 2021 preliminary hearing transcript. (DE 12-1). This illustrates why Tennessee Rule of Criminal Procedure 5.1(a)(3) requires, at the very least, preservation of preliminary hearing proceedings by electronic recording, violation of which would require a second preliminary hearing, should the defendant be subsequently indicted. A preliminary hearing recording must be preserved to ensure availability to the defendant whether or not probable cause is found. *Id.* Tenn. R. Crim. P. 5.1(c).

Generally, Tennessee appellate courts "review the [trial] court's order and judgments for that is how a Court speaks." *Steppach v. Thomas*, 346 S.W.3d 488, 522 (Tenn. Ct. App. 2011) (quoting *Shelby v. Shelby*, 696 S.2d 360, 361 (Tenn. Ct. App. 9185)). But, "this maxim does not preclude this Court from considering statements made in other form throughout the proceedings." *Steppach*, 346 S.W.3d at 522. In *Williams v. City of Burns*, the Supreme Court of Tennessee, was presented with a written order from the trial court that "contain[ed] no underlying factual findings on . . . any issue, and it [did] not incorporate the oral ruling." *Id.*, 465 S.W.3d 96, 119 (Tenn. 2015). While acknowledging the aforementioned maxim, the *Williams* court also recognized that "a trial court's order 'should be construed with reference to the issues it was meant to decide, and should be interpreted in light of the context in which it was entered.'" *Id.* at 120 (quoting *Morgan Keegan v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013)); *see also State v. Byington*, 284 S.W.3d 220, 232 (Tenn. 2009) (ordering supplementation of record because hearing transcript clearly showed trial court denied motion, although no written order denying it was filed).

2

In order to determine whether *Rooker-Feldman* would apply to this matter, this Court must take into consideration and review the preliminary hearing transcript and there is no impediment to the Court's doing so.[1] Because the state court written judgment does not contain any detailed findings, there is no other way for this Court to know whether a Tennessee state court took up Plaintiff's request to dismiss the harassment charge, based on a First Amendment defense argument; how the state court analyzed Plaintiff's argument; how the state court ruled on the First Amendment argument; and on what basis the state court dismissed the harassment charge. Because the transcript provides the answers to all these questions, we know that Plaintiff requested that a state court address his claim that the meme, the same one at issue in this lawsuit, was protected speech under the First Amendment and the state court found it was not:

    1. Plaintiff filed a motion to dismiss the criminal harassment charge brought against him, in Case No. 2021-CR-18, claiming the meme was protected speech under the First Amendment. (DE 12-1 PageID# 295, 301-302:19-11).

    2. Prior to reviewing the elements of Tennessee's criminal harassment statute at the preliminary hearing on February 3, 2021, Judge Monsue took up Plaintiff's protected speech motion. (*Id.* PageID# 427-429:24-8). Judge Monsue then ruled, "[t]he Court will first say that in this instance the Court does not find this photograph to be protected speech under the First Amendment." (*Id.* PageID# 428:11-14). After explaining his analysis further, Judge Monsue reiterated: "[s]o in summation then, this photograph that was posted to Facebook by Mr. Garton, the Court finds it is not protected speech under the First Amendment." (*Id.* PageID# 429:5-8).

    3. Judge Monsue then turned to the criminal harassment statute, Tenn. Code Ann. § 39-17-308, and applied the evidence presented to him to the elements of that statute. (*Id.* PageID# 429-

---

[1] *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (recounting that on Rule 12(b)(1) motion plaintiff has burden of proving jurisdiction and court may consider evidence outside the pleadings).

435:9-22). After addressing the statutory elements, Judge Monsue dismissed the harassment charge because he did not find, as to the last element, that there was probable cause to believe that the posting was intended to be a threat of harm to the victim (Sgt. Baker's widow) and that a reasonable person would perceive it to be a threat of harm. (*Id.* PageID# 434:4-15, 435:15-22).

In the state criminal proceeding, Plaintiff had two issues decided by Judge Monsue: 1) whether the meme posted on Facebook was protected speech under the First Amendment and 2) whether the posting constituted criminal harassment under Tenn. Code Ann. § 39-17-308. Plaintiff prevailed on the second issue – Judge Monsue found, under Tenn. Code Ann. § 39-17-308(a)(4), no probable cause of intended threat of harm to the victim and dismissed the harassment charge for lack of intent to threaten harm. Plaintiff did not prevail on the First Amendment issue. As discussed above, Judge Monsue considered Plaintiff's argument on this issue, rejected his First Amendment defense argument, and ruled against him – finding the meme was not protected speech. Plaintiff was the losing party in state court on this issue and he asks this Court to review and reject Judge Monsue's ruling. Plaintiff wants this Court to overrule Judge Monsue and find that the meme was protected speech because Plaintiff has based his section 1983 claims here on his argument that he has suffered injuries resulting from exercising his First Amendment rights – that he was unlawfully arrested, maliciously prosecuted, retaliated against, and disparately treated for exercising those rights through the meme posting. (DE 45 PageID# 1770-1777).

Defendant Crouch respectfully requests that this Court decline to review the state court decision and dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

By: */s/ Mary Elizabeth McCullohs*

4

Mary Elizabeth McCullohs, BPR No. 026467
Senior Assistant Attorney General
Lauren D. Kisner, BPR No. 037573
Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-8126
mary.mccullohs@ag.tn.gov
lauren.kisner@ag.tn.gov

*Attorneys for Defendant W. Ray Crouch*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 23, 2021, a true and correct copy of the foregoing *Reply to Response to Motion to Dismiss* was served via the CM/ECF upon the following:

| | |
|---|---|
| Daniel A. Horwitz<br>Lindsay B. Smith<br>Horwitz Law, PLLC<br>4016 Westlawn Dr.<br>Nashville, TN 37209<br><br>*Attorneys for Plaintiff* | Amanda S. Jordan<br>Meghan Murphy<br>Senior Assistant Attorneys General<br>Civil Law Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br><br>*Attorneys for Defendants Rausch, Nealon, Winkler, Melton, Craig, and Vallee* |
| Brice M. Timmons<br>Craig A. Edgington<br>Donati Law Firm LLP<br>1545 Union Avenue<br>Memphis, TN 38104<br><br>*Attorneys for Plaintiff* | Kristin E. Berexa<br>Ross V. Smith<br>FARRAR & BATES, LLP<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027<br><br>*Attorneys for Defendants City of Dickson and Arnold* |

*/s/ Mary Elizabeth McCullohs*
