*Motion DENIED.*
[signature]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JOSHUA GARTON, | § | |
| | § | |
|     *Plaintiff*, | § | Case No. 3:21-cv-00338 |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| W. RAY CROUCH, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT CROUCH'S UNTIMELY REPLY [Doc. #57]

On September 23, 2021, Defendant Crouch filed an untimely Reply [Doc. #57] to the Plaintiff's September 10, 2021 Response [Doc. #55]. Replies, of course, are due for filing "within seven (7) days after service of the response[.]" *See* Local Rule 7.01(a)(4). Nor did Defendant Crouch seek leave to file an untimely Reply. *But see* Local Rule 6.01.

Unfortunately, this is not Defendant Crouch's first effort to needlessly complicate and interfere with the efficiency of these proceedings. *Compare* Doc. #38, p. 2 (noting that Plaintiff's motion for leave to file an amended complaint was necessary only because "[c]ounsel for Defendant Crouch, however—Ms. Mary McCullohs—has indicated to Plaintiff's counsel that Defendant Crouch 'opposes the filing of your amended complaint primarily because the proposed amendments do not cure jurisdictional deficiencies.'"), *with* Doc. #44 (noting, thereafter, that "no timely opposition" was filed and granting leave). Accordingly, to encourage future compliance with this Court's Rules, the Plaintiff respectfully moves this Court to strike Defendant Crouch's untimely filing.