IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA GARTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-00338 |
| | ) Judge Aleta A. Trauger |
| W. RAY CROUCH et al., | ) ) |
| Defendants. | ) |

# ORDER

Before the court are three motions seeking the dismissal of claims set forth in plaintiff Joshua Garton's Amended Complaint (Doc. No. 45): (1) the Motion to Dismiss by defendant District Attorney W. Ray Crouch (Doc. No. 46); (2) the Motion to Dismiss filed jointly by defendants the City of Dickson and Donald Arnold (collectively, the "City defendants") (Doc. No. 51); and (3) the Motion to Dismiss filed by defendants David Rausch, Bradley Nealon, Russell Winkler, Joshua Melton, Joseph Craig, and Andrew Vallee (the "TBI defendants") (Doc. No. 49). Each of the motions seeks dismissal on the grounds of lack of subject-matter jurisdiction under Rule 12(b)(1) and, alternatively, under Rule 12(b)(6), for failure to state a claim for which relief may be granted.

For the reasons set forth in the accompanying Memorandum, the court rules as follows on the three motions:

(1) Defendant Crouch's Motion to Dismiss (Doc. No. 46) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the malicious prosecution claim, with respect to which Crouch is entitled to absolute immunity, and as to the equal protection claim. The motion is **DENIED**, insofar as it seeks dismissal of the other claims asserted against Crouch in his

individual capacity, including the claims for false arrest, First Amendment retaliation, and § 1983 conspiracy. Crouch's motion is **GRANTED**, insofar as it seeks the dismissal of any claims for prospective injunctive and declaratory relief asserted against him in his official capacity, and those claims are **DISMISSED** under Rule 12(b)(6) for failure to state a claim for which relief may be granted.

(2) The City defendants' Motion to Dismiss (Doc. No. 51) is **GRANTED** under Rule 12(b)(6), and all claims against defendants Donald Arnold and the City of Dickson are **DISMISSED** for failure to state a claim for which relief may be granted.

(3) The TBI defendants' Motion to Dismiss (Doc. No. 49) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** under Rule 12(b)(6), for failure to state a claim for which relief may be granted, as to all claims against defendants Bradley Nealon, Russell Winkler, Joshua Melton, and David Rausch, including the claim against Rausch in his official capacity for prospective injunctive and declaratory relief. Insofar as the motion seeks dismissal of the claims against defendant Joseph Craig and Andrew Vallee, it is **GRANTED** with respect to the equal protection claim and **DENIED** in all other respects.

With the granting or partial granting of the pending motions, the Amended Complaint is **DISMISSED** in its entirety with respect to defendants City of Dickson, Donald Arnold, David Rausch, Bradley Nealon, Russell Winkler, and Joshua Melton. The only remaining defendants are Ray Crouch, Joseph Craig, and Andrew Vallee.

The initial case management conference is **RESET** for **February 28, 2022** at **3:30 P.M.**

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge