IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA GARTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-cv-00338 ) JUDGE TRAUGER |
| W. RAY CROUCH, et al., | ) ) ) |
| Defendants. | ) |

**ANSWER OF GENERAL CROUCH
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant District Attorney General W. Ray Crouch ("General Crouch") answers each paragraph of the Amended Complaint (DE 45) filed in this matter, as follows:

1. Denied.

2. Denied.

3. To the extent any of the allegations of Paragraph 3 are directed toward General Crouch, those allegations are denied.

4. Denied.

5. General Crouch lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence. All remaining allegations are denied.

6. General Crouch admits that he is the current District Attorney General for the 23rd Judicial District of Tennessee. General Crouch also admits that he resides on Stratton Boulevard in Ashland City, Tennessee. All remaining allegations of Paragraph 6 are denied.

7. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 7 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

8. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 8 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

9. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 9 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

10. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 10 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

11. Upon information and belief, General Crouch admits Joseph Craig is an Assistant Special Agent in Charge with the Tennessee Bureau of Investigation ("TBI"). General Crouch lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Craig's length of service and current assignment with the TBI and Defendant Craig's residential address. All remaining allegations of Paragraph 11 are denied.

12. Upon information and belief, General Crouch admits Andrew Vallee is a Special Agent with the Tennessee Bureau of Investigation ("TBI"). General Crouch lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Vallee's current assignment with the TBI and Defendant Vallee's residential address. All remaining allegations of Paragraph 12 are denied.

13. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 13 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

14. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 14 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

15. Denied.

16. Denied.

17. General Crouch admits venue for this suit is proper in this Court. Any remaining allegations inconsistent with the foregoing are denied.

18. General Crouch admits venue for this suit is proper in this Court. Any remaining allegations inconsistent with the foregoing are denied.

19. Denied.

20. Denied.

21. General Crouch admits that the photograph immediately proceeding Paragraph 21 does not depict the gravesite of Dickson County Police Department Sergeant Daniel Baker. All remaining allegations of Paragraph 21 are denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Upon information and belief, the photographs below Paragraph 26 appear to be accurate representations of TBI Twitter postings for January 22, 2021. Any allegations inconsistent with the foregoing are denied.

27. General Crouch admits that the quoted phrase in this paragraph appears to be a direct quotation from the factual portion of the Dickson County Criminal Complaint filed in this matter as DE 1-3 PageID# 243. Any allegations inconsistent with the foregoing are denied.

28. Denied.

29. Denied.

30. General Crouch asserts that he is not required to answer to Paragraph 30 because, instead of factual allegations, the paragraph consists solely of a citation to a 2006 United States Supreme Court case.

31. General Crouch asserts that he is not required to answer to Paragraph 31 because, instead of factual allegations, the paragraph consists solely of citations to various United States Supreme Court cases.

32. General Crouch asserts that he is not required to answer to Paragraph 32 because, instead of factual allegations, the paragraph consists solely of citations to Sixth Circuit Court of Appeals and United States Supreme Court cases.

33. To the extent any of the allegations of Paragraph 33 are directed toward General Crouch, those allegations are denied.

34. To the extent any of the allegations of Paragraph 34 are directed toward General Crouch, those allegations are denied.

35. To the extent any of the allegations of Paragraph 35 are directed toward General Crouch, those allegations are denied.

36. To the extent any of the allegations of Paragraph 36 are directed toward General Crouch, those allegations are denied.

37. General Crouch asserts that he is not required to respond to this paragraph because the allegations of Paragraph 37 pertain to a defendant who has been dismissed from this lawsuit. (DE 62 PageID# 1933).

38. To the extent any of the allegations of Paragraph 38 are directed toward General Crouch, those allegations are denied.

39. To the extent any of the allegations of Paragraph 39 are directed toward General Crouch, those allegations are denied.

40. To the extent any of the allegations of Paragraph 40 are directed toward General Crouch, those allegations are denied.

41. To the extent any of the allegations of Paragraph 41 are directed toward General Crouch, those allegations are denied.

42. To the extent any of the allegations of Paragraph 42 are directed toward General Crouch, those allegations are denied.

43. General Crouch admits that a preliminary hearing was held before Judge Monsue on February 3, 2021. To the extent any of the remaining allegations of Paragraph 43 are directed toward General Crouch, those allegations are denied.

44. To the extent any of the allegations of Paragraph 44 are directed toward General Crouch, those allegations are denied.

45. Denied. The Order entered by Judge Monsue on February 3, 2021 speaks for itself. (DE 1-4 PageID# 244).

46. General Crouch lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff came to reside in a homeless shelter. All remaining allegations of Paragraph 46 are denied.

47. Denied.

48. In response to Paragraph 48, General Crouch incorporates, by reference, his responses to Paragraphs 1-47.

49. - 59. General Crouch asserts that he is not required to respond to the claims of malicious prosecution alleged in Paragraphs 49 through 59 because the claim of malicious prosecution against General Crouch has been dismissed from this lawsuit. (DE 62 PageID# 1932-33). Any remaining allegations are denied.

60. In response to Paragraph 60, General Crouch incorporates, by reference, his responses to Paragraphs 1-59.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. General Crouch asserts that the document filed in this matter, as DE 37-1 PageID# 617, appears to be a TBI media release, dated January 22, 2021. All remaining allegations are denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. In response to Paragraph 70, General Crouch incorporates, by reference, his responses to Paragraphs 1-69.

71. General Crouch admits that the First Amendment to the United States Constitution affords certain rights. Any allegations inconsistent with the foregoing are denied.

72. Admitted.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. In response to Paragraph 81, General Crouch incorporates, by reference, his responses to Paragraphs 1-80.

82. - 89. General Crouch asserts that he is not required to respond to the claims of denial of equal protection alleged in Paragraphs 82 through 89 because the equal protection claim asserted against General Crouch has been dismissed from this lawsuit. (DE 62 PageID# 1932). Any remaining allegations are denied.

90. In response to Paragraph 90, General Crouch incorporates, by reference, his responses to Paragraphs 1-89.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. - 106. General Crouch asserts that he is not required to respond to Paragraphs 96 through 106 because the allegations of these paragraphs pertain to defendants who have been dismissed from this lawsuit. (DE 62 PageID# 1933).

107. In response to Paragraph 107, General Crouch incorporates, by reference, his responses to Paragraphs 1-106.

108 - 120. General Crouch asserts that he is not required to respond to the claims for prospective injunctive and declaratory relief alleged in Paragraphs 108 through 120 because these claims asserted against General Crouch have been dismissed from this lawsuit. (DE 62 PageID# 1933). Any remaining allegations are denied.

121. All allegations in the Amended Complaint not addressed above are denied.

122. General Crouch denies any liability to Plaintiff and denies Plaintiff is entitled to any relief, including monetary relief, from General Crouch.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against General Crouch.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction.

## THIRD DEFENSE

General Crouch denies he violated 42 U.S.C § 1983 or § 1988 or that he violated Plaintiff's constitutional rights under the United States Constitution, the Tennessee Constitution, any Tennessee statutes, or any Tennessee common law.

**FOURTH DEFENSE**

General Crouch is entitled to absolute prosecutorial immunity because he initiated criminal proceedings against Plaintiff upon a criminal complaint and affidavit reviewed by a state court judge who determined that probable cause existed for Plaintiff's arrest. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.), *cert. denied,* 522 U.S. 996, 118 S.Ct. 560 (1977) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant . . . falls[s] squarely within the aegis of absolute prosecutorial immunity.").

**FIFTH DEFENSE**

General Crouch is entitled to qualified immunity because his actions in requesting an investigation of the individual responsible for the meme posting "[did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**SIXTH DEFENSE**

Plaintiff's claim is barred by collateral estoppel/issue preclusion because, during the preliminary hearing on February 3, 2021, Judge Monsue found that the photograph and caption Plaintiff posted on Facebook was not protected speech under the First Amendment. (DE 12-1 PageID# 429).

**SEVENTH DEFENSE**

General Crouch does not waive any defenses and reserves the right to assert any additional defenses that may be revealed during the course of discovery.

**REQUESTED RELIEF**

General Crouch requests that this case be dismissed and that this Court order any other further and general relief as this Court deems necessary and appropriate.

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

By: */s/ Mary Elizabeth McCullohs*
Mary Elizabeth McCullohs, TN BPR No. 026467
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-8126
mary.mccullohs@ag.tn.gov
*Attorney for Defendant District Attorney General W. Ray Crouch*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 10, 2022, a true and correct copy of the foregoing *Answer* was served via the CM/ECF upon the following:

| | |
|---|---|
| Daniel A. Horwitz<br>Lindsay B. Smith<br>HORWITZ LAW, PLLC<br>4016 Westlawn Drive<br>Nashville, TN 37209<br><br>*Attorneys for Plaintiff* | Ross Vincent Smith<br>Kristin Ellis Berexa<br>Farrar & Bates, LLP<br>12 Cadillac Drive, Suite 480<br>Nashville, TN 37027<br><br>*Attorneys for Defendants City of Dickson, Tennessee and Donald Arnold* |
| Brice M. Timmons<br>Craig A. Edgington<br>Donati Law Firm LLP<br>1545 Union Avenue<br>Memphis, TN 38104<br><br>*Attorneys for Plaintiff* | Amanda S. Jordan<br>Meghan Murphy<br>Senior Assistant Attorneys General<br>Civil Law Division<br>P.O. Box<br>Nashville, TN 37202-0207<br><br>*Attorneys for Defendants Nealon, Winkler, Melton, Craig, Vallee, and Rausch* |

*/s/ Mary Elizabeth McCullohs*