UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JOSHUA GARTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00338 |
| | ) | Judge Aleta A. Trauger |
| W. RAY CROUCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS JOSEPH CRAIG AND ANDREW VALLEE

Defendants Joseph Craig and Andrew Vallee answer the amended complaint (DE 45) as follows:

### I. INTRODUCTION

1. Denied that there was any joint law enforcement task force, that Plaintiff was arrested for posting a fake photograph, and that the photograph contained an overtly political message. The remainder of the allegations contained in this paragraph are admitted.

2. Admitted that Defendants Craig and Vallee knew the photograph was fake at the time of Plaintiff's arrest, that Plaintiff was charged with a crime, and that Plaintiff was incarcerated for approximately twelve days. The remainder of the allegations contained in this paragraph are denied.

3. To the extent any allegations in this paragraph are directed at Defendants Craig and Vallee, it is admitted that Plaintiff was arrested and charged with a crime. The remainder of the allegations contained in this paragraph are denied.

4. To the extent any allegations in this paragraph are directed at Defendants Craig and Vallee, it is admitted that the harassment charge was dismissed. The remainder of the allegations contained in this paragraph are denied.

## II. PARTIES

5. Defendants Craig and Vallee are without knowledge or information sufficient to either admit or deny where Plaintiff lives. Admitted that Plaintiff can be contacted through his counsel. The remainder of the allegations contained in this paragraph are denied.

6. Admitted that W. Ray Crouch is the current District Attorney General for Tennessee's 23rd Judicial District. Defendants Craig and Vallee are without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in this paragraph.

7. All claims against Defendant David Rausch have been dismissed. (*See* DE 62, Page ID# 1933).

8. All claims against Defendant Bradley Nealon have been dismissed. (*See* DE 62, Page ID# 1933).

9. All claims against Defendant Russell Winkler have been dismissed. (*See* DE 62, Page ID# 1933).

10. All claims against Defendant Joshua Melton have been dismissed. (*See* DE 62, Page ID# 1933).

11. Admitted that Defendant Craig is a Special Agent in Charge at the Tennessee Bureau of Investigation, supervises field agents in Dickson County, at all times relevant to the amended complaint was acting under color of law, and is sued in his individual capacity. It is further admitted that he has been properly served. The remainder of the allegations contained in this paragraph are denied.

12. Admitted that Defendant Vallee is a Special Agent with the Tennessee Bureau of Investigation and that at all times relevant to the amended complaint he was acting under color of law and is sued in his individual capacity. It is further admitted that he has been properly served. The remainder of the allegations contained in this paragraph are denied.

13. All claims against Defendant Donald Arnold have been dismissed. (*See* DE 62, Page ID# 1933).

14. All claims against Defendant, City of Dickson, Tennessee have been dismissed. (*See* DE 62, Page ID# 1933).

### III.     JURISDICTION AND VENUE

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

### IV.     FACTUAL ALLEGATIONS

19. Denied there was unconstitutional and tortious misconduct and that Plaintiff was jailed for a non-existent crime. Admitted that Plaintiff was in jail for approximately 12 days. Defendants are without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in this paragraph.

20. Denied that the post was a political message; the remainder of the allegations contained in this paragraph are admitted.

21. Admitted that the photograph does not depict the gravesite of Sergeant Daniel Baker. Denied that Sergeant Baker is a public figure and that Plaintiff's commentary regarded a matter of public concern. Defendants Craig and Vallee are without knowledge or

information sufficient to either admit or deny the remainder of the allegations contained in this paragraph.

22. Denied that Defendant Crouch demanded a criminal investigation and that a joint task force undertook to investigate, identify and arrest Plaintiff. Defendants Craig and Vallee are without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in this paragraph.

23. Admitted that Defendants Craig and Vallee determined that the photograph was not of Sergeant Daniel Baker's grave; the remainder of the allegations contained in this paragraph are denied.

24. Denied.

25. Admitted that TBI issued a news alert asking the public to contact TBI if they had information regarding who was responsible for creating the meme. The remainder of the allegations in this paragraph are denied.

26. Admitted that TBI issued the news alerts; the remainder of the allegations contained in this paragraph are denied.

27. Admitted.

28. Admitted that Defendant Craig charged Plaintiff with one count of harassment and that Plaintiff was booked in the Dickson County jail. The remainder of the allegations contained in this paragraph are denied.

29. Denied that Defendant Craig did not have probable cause to arrest plaintiff and believe he had committed a crime. To the extent that the remainder of the allegations in this paragraph are directed at Defendants Craig or Vallee, they are denied.

4

30. This paragraph contains no factual allegations against Defendants Craig and Vallee; therefore, no response is warranted from these defendants.

31. This paragraph contains no factual allegations against Defendants Craig and Vallee; therefore, no response is warranted from these defendants.

32. This paragraph contains no factual allegations against Defendants Craig and Vallee; therefore, no response is warranted from these defendants.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. All claims against Defendant Rausch have been dismissed. (*See* DE 62, Page ID# 1933).

38. Denied.

39. To the extent any of the allegations in this paragraph are directed at Defendants Craig and Vallee, they are denied.

40. To the extent any of the allegations in this paragraph are directed at Defendants Craig and Vallee, they are denied.

41. To the extent any of the allegations in this paragraph are directed at Defendants Craig and Vallee, they are denied.

42. Admitted that Plaintiff was arrested following an investigation by the TBI, that Defendant Craig swore out the Affidavit of Complaint in support of the harassment charge against Plaintiff, and that the quotation contained in this paragraph is the response TBI provided to some of the news outlets seeking comments regarding the charges against plaintiff. The remainder of the allegations contained in this paragraph are denied.

43. Admitted that Plaintiff was incarcerated at the Dickson County Jail from January 22, 2021, until his preliminary hearing before Judge Craig Monsue on February 3, 2021. The remainder of the allegations contained in this paragraph are denied.

44. Admitted that during the preliminary hearing, Defendant Craig acknowledged that posting the image itself was not unlawful. The remainder of the allegations contained in this paragraph are denied.

45. Denied. The Order entered by Judge Monsue on February 3, 2021 speaks for itself. (*See* DE 1-4 Page ID#244).

46. The *first sentence* is admitted. Defendants Craig and Vallee are without knowledge or information sufficient to either admit or deny the allegations contained in the *second sentence*.

47. Denied.

## V.     CAUSES OF ACTION

**Claim #1: Malicious Prosecution Under 42 U.S.C. § 1983 and Tennessee Common Law**

48. Defendants Craig and Vallee incorporate their responses to paragraphs 1-47 as if fully set forth herein.

49. Denied.

50. Denied.

51. Admitted that Defendant Craig arrested and charged Plaintiff with one count of harassment and that the press release mentioned both agencies; the remainder of the allegations contained in this paragraph are denied.

52. Denied.

53. Denied.

6

54. Admitted.

55. Denied that Plaintiff was found to be innocent of any criminal charge and that Defendant Craig lacked probable cause to believe Plaintiff had committed a crime; the remainder of the allegations contained in this paragraph are admitted.

56. Denied.

57. This paragraph contains no factual allegations against Defendants Craig and Vallee; therefore, no response is warranted from these defendants.

58. This paragraph contains no factual allegations against Defendants Craig and Vallee; therefore, no response is warranted from these defendants.

59. Denied.

### Claim #2: False Arrest (42 U.S.C. § 1983)

60. Defendants Craig and Vallee incorporate their responses to paragraphs 1-59 as if fully set forth herein.

61. Denied.

62. Admitted that Plaintiff was arrested; the remainder of the allegations contained in this paragraph are denied.

63. Denied.

64. Denied.

65. Denied that Plaintiff was falsely arrested without probable cause and that there was a celebration of the arrest; the remainder of the allegations contained in this paragraph are admitted.

66. Admitted that as a result of the arrest, Plaintiff was jailed from January 22, 2021 until after his preliminary hearing on February 3, 2021. The remainder of the allegations contained

7

in this paragraph are denied.

67. Denied.

68. Denied.

69. Denied.

### Claim #3: First Amendment Retaliation (42 U.S.C. § 1983)

70. Defendants Craig and Vallee incorporate their responses to paragraphs 1-69 as if fully set forth herein.

71. Admitted that Plaintiff had First Amendment rights. Defendants Craig and Vallee are without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in this paragraph.

72. Admitted.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

### Claim #4: Denial of Equal Protection (42 U.S.C. § 1983)

81-89. These claims have been dismissed. (*See* DE 62, Page ID# 1933).

### Claim #5: Civil Conspiracy/Agency Liability

90. Defendants Craig and Vallee incorporate their responses to paragraphs 1-89 as if fully set

forth herein.

91. Admitted that Defendants Craig and Vallee acted under color of law; the remainder of the allegations contained in this paragraph are denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

### Claim #6: The City of Dickson's Unconstitutional Policies and Practices

96-106. These claims have been dismissed. (*See* DE 62, Page ID# 1933).

### Claim #7: Injunctive and Declaratory Relief Against the City of Dickson and Defendants Crouch and Rausch In Their Official Capacities

107-120. These claims have been dismissed. (*See* DE 62, Page ID# 1933).

121. All allegations in the Amended Complaint not addressed above are denied.

## VI. AFFIRMATIVE DEFENSES

Wherefore, having fully answered the allegations of the Amended Complaint, Defendants Craig and Vallee raise the following affirmative defenses:

1. The Amended Complaint fails to state a claim upon which relief can be granted as to Defendants Craig and Vallee;

2. No act or omission by either of Defendants Craig or Vallee deprived Plaintiff of his constitutional rights; and

3. Defendants Craig and Vallee are entitled to qualified immunity.

## VII. REQUEST FOR RELIEF

1. This Court dismiss all claims against Defendants Craig and Vallee with prejudice; and

9

2. Pursuant to Fed. R. Civ. P. Rule 38, Defendants demand a jury trial.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Amanda Jordan
AMANDA JORDAN, BPR #29243
MEGHAN MURPHY, BPR #34061
Senior Assistant Attorneys General
Office of the Tennessee Attorney General
Civil Law Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-5070
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies on **February 11, 2022**, a true and accurate copy of the foregoing was filed electronically and sent by way of the Court's electronic filing system to:

BRICE M. TIMMONS
CRAIG A. EDGINGTON
Donati Law Firm
1545 Union Avenue
Memphis, TN 38104
*Attorneys for Plaintiff*

DANIEL A. HORWITZ
LINDSAY E. SMITH
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, TN 37209
*Attorneys for Plaintiff*

LAUREN KISNER
MARY MCCULLOHS
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
*Attorneys for Defendant W. Ray Crouch*

              s/ Amanda Jordan
              AMANDA JORDAN
              Senior Assistant Attorney General