| | | |
|---|---|---|
| JOSHUA GARTON, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 3:21-cv-00338 |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| W. RAY CROUCH, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING TENNESSEE BUREAU OF INVESTIGATION FILES**

## I. INTRODUCTION

Comes now the Plaintiff, through counsel, and respectfully responds in opposition to Defendant Craig's and Defendant Vallee's *Motion for Protective Order Regarding Tennessee Bureau of Investigation Files* (Doc. 73). For the reasons detailed below, the movants have failed to meet their burden of establishing good cause for a protective order. Worse: their asserted basis for seeking a protective order comes dangerously close to demonstrating that the Defendants successfully misled the Court regarding the risk that the Plaintiff will be reinvestigated or re-prosecuted for the protected speech that lies at the heart of this lawsuit. For either or both reasons, the Defendants' motion should be denied.

## II. FACTS

The Plaintiff filed his Amended Complaint in this matter on August 17, 2021. *See* Doc. 45. As relevant to the pending motion, the Plaintiff asserted a claim for injunctive

relief against Defendant Crouch and since-dismissed Defendant Crouch—the Director of the TBI—in their official capacities. *See id.* at 27–29. Among the allegations supporting the Plaintiff's official capacity claim was that those Defendants "may or will continue to pursue the investigation and prosecution of the Plaintiff regarding this specific instance of protected speech absent an injunction." *Id.* at 28, ¶ 114.

The Defendants thereafter moved to dismiss, *inter alia*, the Plaintiff's official capacity claims. *See* Doc. 49; Doc. 46. In particular, the TBI Defendants insisted that: (1) the "amended complaint fails to show the existence of a live controversy or a significant possibility of future harm to warrant the requested prospective relief as to Defendant Rausch," (2) the "Plaintiff's request for prospective relief is merely speculative as it is based solely on the occurrence of future events," and (3) the Plaintiff's allegations "fall short of establishing a live controversy or significant possibility of future harm to warrant the declaratory and injunctive relief for which Plaintiff seeks." *See* Doc. 50 at 10. Defendant Crouch, for his part, insisted that the "Plaintiff has failed to provide a basis for his injunctive relief request and declaratory relief against General Crouch is not warranted," and that the "Plaintiff's vague and speculative assertion that General Crouch desires to prosecute Plaintiff again for this meme is neither actual, concrete, or particularized and does not establish imminent threat of harm." *See* Doc. 47 at 14.

Upon review, this Court fully credited the Defendants' position on the matter. In particular, by Memorandum entered on January 28, 2022, the Court held:

> Crouch argues that the plaintiff's subjective fear, the "upon information and belief" allegations, and Crouch's declination to provide an affidavit requested by plaintiff's counsel together are insufficient to support a claim for prospective injunctive or declaratory relief and that the plaintiff does not allege actual facts to support his assertion that Crouch harbors a desire to reprosecute. (Doc. No. 47, at 14.) Rausch similarly contends that allegations of past events are not sufficient to support claims for prospective relief and

-2-

> that the plaintiff's allegations fail to establish the existence of an ongoing, "live controversy or a significant possibility of future harm." (Doc. No. 50, at 10.)
>
> The court agrees: Garton's allegations fail to establish an ongoing violation of federal law or a credible threat by either Crouch or Rausch to engage in further unconstitutional conduct. The Amended Complaint fails to state a colorable official-capacity claim against Crouch or Rausch for prospective injunctive or declaratory relief. The claims against Crouch and Rausch in their official capacity will be dismissed for failure to state a claim for which relief may be granted.

*See* Doc. 61, at 40.

Following entry of the Court's Memorandum Order—and, more specifically, during the Parties' (unrecorded) case management conference held on March 24, 2022—counsel for the TBI Defendants made a significant disclosure: That the TBI's investigative file regarding Mr. Garton's meme-posting was still open and active, and that it was still open and active specifically because Defendant Crouch had opted to keep it open and has not yet instructed the TBI to close it. Notwithstanding Defendant Crouch's earlier representations that the Plaintiff's fear of reinvestigation and re-prosecution were subjective and imaginary, the undersigned has also discovered that Defendant Crouch publicly boasted to the Dickson Post *just weeks before this Court's Memorandum Order was entered* that he "wouldn't change anything he did in the case" and "would do the same thing" again. *See* Ashley Perham, *Dickson County Person of the Year 2021: District Attorney Ray Crouch*, Dickson Post (Dec. 29, 2021), https://www.dicksonpost.com/townnews/law/dickson-county-person-of-the-year-2021-district-attorney-ray-crouch/article_f7200e39-6e5b-524a-8506-4aa05c08fd4d.html (**Exhibit #1**). Specifically, the article states:

> Joshua Garton was charged with harassment for creating a meme of two men urinating on a grave with an image of Sgt. Daniel Baker. Garton's attorney allege that Crouch and others infringed upon his First Amendment

> rights.
>
> Crouch said he wouldn't change anything he did in the case.
>
> "I would do the same thing," he said, pointing out that Judge Craig Monsue said the social media post was not protected by the First Amendment.

*Id.*

Further supporting the apparently still-active nature of the Plaintiff's criminal investigative casefile, the TBI Defendants have now moved for a protective order to limit the file's disclosure based solely on the confidentiality afforded to such records under Tennessee public records law. *See* Doc. 73 at 1.

### III. LEGAL STANDARD

The "entry of a protective order is contrary to the basic policy in favor of broad discovery," and "the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public." *See Anderson v. City of Fulton, Kentucky*, No. 518CV00032TBRLLK, 2019 WL 729986, at *1 (W.D. Ky. Feb. 20, 2019) (citing *Williams v. Baptist Healthcare Sys., Inc.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018); *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.")). Nonetheless:

> Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

*Id.*

In all cases, "[t]he burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24, 2011) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973)). *See also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient.").

### IV. ARGUMENT

#### A. State public records law does not automatically justify a protective order.

The lone basis that the TBI Defendants assert for entering a protective order is as follows:

> TBI Case File NA-98F-000016 involves the investigation of Joshua Garton, which gives rise to the instant lawsuit, and has been identified by Defendants Craig and Vallee in their Initial Disclosures. Good cause exists for the entry of a protective order, as such documentation is protected as confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A).

Doc. 73 at 1.

No other facts are asserted to support the Defendants' claimed need for protection. *Id.* No clearly defined or serious injury that may potentially result from disclosing the discovery sought without a protective order is asserted, either. *See id.*

-5-

To be sure, it is true that Tennessee's public records statute provides that "investigative records of the Tennessee bureau of investigation . . . shall be treated as confidential and shall not be open to inspection by members of the public." Tenn. Code Ann. § 10-7-504(a)(2)(A). But the fact that a document is not subject to disclosure *under the Tennessee Public Records Act* does not automatically warrant a protective order *under Fed. R. Civ. P. 26(c)*. If it did, then all documents possessed by private parties—none of which are subject to disclosure under the Tennessee Public Records Act—would always warrant a protective order. Such a conclusion would also improperly allow applicable federal law—which requires a specific showing of good cause to warrant a protective order—to be displaced as a matter of course by state law in contravention of the Constitution's Supremacy Clause. *Cf. R.K. v. Lee*, No. 3:21-CV-00725, 2021 WL 4942871, at *10 (M.D. Tenn. Oct. 22, 2021) ("The United States Constitution enshrines the principle that federal law is 'the supreme Law of the Land.' U.S. Const. art. VI, cl. 2. Courts have consistently found that this clause of the Constitution, better known as the Supremacy Clause, 'supplies an important "rule of decision," which instructs that courts "must not give effect to state laws that conflict with federal laws."' ") (quoting *Torres v. Precision Industries,* Inc., 938 F.3d 752, 754 (6th Cir. 2019) (citing *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324, 135 S.Ct. 1378, 191 L.Ed.2d 471 (2015))).

Given the foregoing, the mere fact that Tennessee public records law would not enable the TBI's investigative file to be released to any citizen who requests it both does not and cannot justify issuing a protective order regarding those records. Further, because no actual, specific harm resulting from the TBI's disclosure of its investigative file has even been alleged, the movants have failed to meet their burden of establishing good cause to justify a protective order. As a result, the TBI Defendants' *Motion for Protective*

*Order Regarding Tennessee Bureau of Investigation Files* should be denied.

**B.     The Defendants' position regarding the status of the Plaintiff's criminal investigative casefile is inconsistent with their position regarding whether the Plaintiff faces a credible threat of future reinvestigation or re-prosecution.**

In his Answer, Defendant Crouch has admitted that through "his actions," he is the one who "request[ed] an investigation of" the Plaintiff. *See* Doc. 66 at 9. *See also* Doc. 72 at 2 ("Defendant W. Ray Crouch's Revised Theory: Defendant Crouch, after learning of the posting of a meme on social media that appeared to depict two individuals urinating on the gravesite of a deceased, Dickson County Police Department officer, requested that the TBI investigate."). The TBI Defendants, for their part, agree that the Plaintiff's criminal investigative file was developed "at the request of District Attorney General Ray Crouch." *See id.* at 3 ("TBI, at the request of District Attorney General Ray Crouch, investigated Plaintiff for a meme he posted on social media[.]").

Given the foregoing, it appears clear that the TBI's investigative file regarding the Plaintiff has not just been maintained by the TBI internally and was not developed by the TBI for its own use. Instead, that file was shared with law enforcement including, at minimum, Defendant Crouch—the member of law enforcement who claims responsibility for requesting it. Such law enforcement records are only plausibly protected from disclosure under applicable Tennessee public records law if the investigation into the Plaintiff is "ongoing" and the criminal case against him is "pend[ing]," though. *See generally Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 859 (Tenn. 2016) (considering whether Tennessee public records law precludes disclosure of law enforcement's "criminal investigative file while the criminal cases arising out of the investigation **are ongoing**[,]" and holding that requesters "have no right to the requested

-7-

Case 3:21-cv-00338   Document 74   Filed 04/24/22   Page 7 of 10 PageID #: 1999

information **during the pendency of the criminal cases and any collateral challenges**.") (emphases added). As a consequence, the Defendants appear to have maintained the conflicting positions that:

    1.    For purposes of the Plaintiff's official capacity claims, the Plaintiff's fears of future reinvestigation and re-prosecution are subjective, imaginary, and fanciful, *see, e.g.,* Doc. 50 at 10; Doc. 47 at 14.; but

    2.    For purposes of discovery, a protective order is needed regarding the TBI's investigative file, because the TBI's criminal investigation into the Plaintiff is still active, pending, and ongoing at the insistence of Defendant Crouch.

These conflicting positions cannot reasonably be maintained simultaneously, however. Consequently, if—as the TBI's counsel suggested during the Parties' unrecorded case management conference—the TBI is indeed still maintaining an active criminal investigative file regarding the Plaintiff's meme-posting at the instruction of District Attorney Crouch, then it seems necessary for the Defendants to acknowledge that fact formally and reconcile those facts with their earlier position that the Plaintiff's asserted fear of reinvestigation and re-prosecution is baseless. That also seems particularly necessary given that the Defendants recently convinced this Court to rule that the Plaintiff's fears are grounded entirely in "past events," and that the Plaintiff's fear of "further" unconstitutional conduct is not "credible." *See* Doc. 61, at 40.

By contrast, if the investigative file that the TBI developed and shared with law enforcement is actually closed—rather than open, active, and pending—then the Defendants' lone asserted basis for a protective order is not sustainable even under Tennessee public records law, *see Tennessean*, 485 S.W.3d at 859, and the TBI's motion for a protective order should be denied.

## V. CONCLUSION

For the foregoing reasons, the Defendants' *Motion for Protective Order Regarding Tennessee Bureau of Investigation Files* (Doc. 73) should be denied.

Respectfully submitted,

/s/ Daniel A. Horwitz_____
Daniel A. Horwitz, BPR #032176
Lindsay E. Smith, BPR #035937
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2022, a copy of the foregoing was transmitted via CM/ECF to:

Amanda S. Jordan
Meghan Murphy
Senior Assistant Attorneys General
P.O. Box 20207
Nashville, TN 37202-0207
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov


Mary Elizabeth McCullohs
Lauren Kisner
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
mary.mccullohs@ag.tn.gov
lauren.kisner@ag.tn.gov


By: /s/ Daniel A. Horwitz