UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA GARTON,<br><br>    Plaintiff,<br><br>v.<br><br>W. RAY CROUCH, et al.,<br><br>    Defendants. | Case No. 3:21-cv-00338<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## **PROTECTIVE ORDER**

For the reasons stated in the accompanying Memorandum Order (Doc. No. 85), the Court enters the following protective order under Federal Rule of Civil Procedure 26(c):

1. Counsel for Defendants Joseph Craig and Andrew Vallee are authorized and ordered to produce a copy of Tennessee Bureau of Investigation Case File NA-98F-000016 to the parties in this lawsuit.

2. Any law enforcement records, including Tennessee Bureau of Investigation records, pertaining to Plaintiff Joshua Garton are designated for purposes of discovery as Confidential Information.

3. Confidential Information does not include any records that are considered public under the Tennessee Public Records Act, Tenn. Code Ann. §§ 10-7-503, 10-7-504.

4. Any Confidential Information exchanged between the parties may only be provided, shared, or discussed with the parties, counsel for the parties, employees, administrative staff, other staff of the parties or their counsel, and witnesses, potential witnesses, expert witnesses, entities or persons that the parties or counsel for the parties choose to contact for purposes of this lawsuit, or any other consultant contacted for purposes of this lawsuit.

5. This Protective Order shall not affect the admissibility or use of any Confidential Information that the parties or their counsel deem necessary for any deposition, hearing, or trial in this action. If a party files documents designated as Confidential Information with the Court, the party shall seek leave to file those documents under seal in accordance with Middle District of Tennessee Rule 5.03 and applicable legal standards.

6. This Protective Order shall not affect the right of any party to challenge the propriety of discovery on any basis, including relevance, privilege, and materiality.

7. The parties' designation of Confidential Information is not binding on the Court for any purposes, including the determination of whether to seal or otherwise restrict public access to the information.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge