# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOSHUA GARTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00338** |
| | ) | **Judge Aleta A. Trauger** |
| **W. RAY CROUCH et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Defendants Joseph Craig and Andrew Vallee (the "TBI defendants") filed a Motion for Protective Order Regarding Tennessee Bureau of Investigation Files (Doc. No. 73), which was referred to the Magistrate Judge for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 626(b)(1) (Doc. No. 75). Despite the plaintiff's opposition (Doc. No. 74), the Magistrate Judge entered a Memorandum Order granting the TBI defendants' motion (Doc. No. 85) and, at the same time, entered their proposed Protective Order (Doc. No. 86).

Now before the court is plaintiff Joshua Garton's Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 87), filed along with a supporting Memorandum of Law (Doc. No. 88), asking this court to set aside both the Magistrate Judge's ruling and the Protective Order. The TBI defendants filed a Response in Opposition to the Motion for Review. (Doc. No. 91.) For the reasons set forth herein, the plaintiff's demands that the Memorandum Order be reversed and that the Protective Order be vacated will be denied.

## I.    STANDARD OF REVIEW

While a *de novo* standard of review applies to objections to a magistrate judge's ruling on a dispositive matter, the review of a magistrate judge's resolution of a nondispositive pretrial matter is limited to determining whether the ruling is "clearly erroneous" or "contrary to law." 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "A finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

Review under this standard provides "considerable deference to the determinations of magistrates." *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) (quoting *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014)). Magistrate judges "have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)); *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## II.    BACKGROUND

The TBI defendants moved for entry of a protective order regarding investigative files of the Tennessee Bureau of Investigation, specifically TBI Case File NA-98F-000016 ("Case File"), which pertains to the investigation of plaintiff Joshua Garton that is the subject of this lawsuit.

They argue that "[g]ood cause exists for the entry of a protective order, as such documentation is protected as confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A)." (Doc. No. 73, at 1.)

The Case File was identified by the TBI defendants in their Initial Disclosures. To be clear, the TBI defendants do not object to producing the Case File in discovery or to the plaintiff's use of it in this litigation. The proposed Protective Order submitted with their motion (and entered by the Magistrate Judge) expressly recognizes that the parties' designation of information in the Case File as confidential will not be binding on the court for any purpose. The TBI defendants seek at this juncture only to limit its disclosure to the public. The plaintiff argued in his Response in opposition to the Motion for Protective Order that the TBI defendants had not met their burden of showing good cause for entry of a protective order. (Doc. No. 74.)

In addressing the Motion for Protective Order and the plaintiff's opposition thereto, the Magistrate Judge carefully and thoroughly set forth both parties' positions and the applicable legal standard. (Doc. No. 85, at 1–3.) Despite the TBI defendants' proffer of limited "guidance as to how the Court could consider the relevance of the state statute on which they rely to discovery in federal court litigation," the Magistrate Judge concluded that the proposed Protective Order struck an "appropriate balance" between, on the one hand, the plaintiff's interest in obtaining the Case File in discovery for use in pursuing his claims in this action and, on the other, the interests of the state as articulated in the Tennessee Public Records Act ("TPRA") in "excepting investigative records of the TBI from disclosure" to the public. (Doc. No. 85, at 5, 9 (citations omitted).) The Magistrate Judge also noted that, because the proposed Protective Order required any party seeking to file confidential information to move to do so under seal, it "ensure[d] that any arguments that confidential information be excluded from the public record be made with specificity and considered by the Court under a stringent standard that prioritizes public access to court records."

(*Id.* at 11.) In light of that component and the fact that the proposed Protective Order did not restrict the plaintiff's access to, or use of, the information in the Case File in litigating his claims, the Magistrate Judge also found that the proposed Protective Order properly balanced the interests of the parties under Rule 26. (*Id.*)

In his Motion for Review, the plaintiff argues that (1) the exception to the TPRA set forth in Tenn. Code Ann. § 10-7-504(a)(2)(A) is not sufficient to establish "good cause" for entry of a protective order, particularly because the defendants have not articulated any "facts and evidence identifying some specific harm that would or even plausibly could result from public disclosure of the Plaintiff's criminal investigative file" (Doc. No. 88, at 4–5); and (2) the Magistrate Judge misallocated the burden of persuasion, insofar as the Memorandum Order erroneously "rel[ied] on the fact that the Plaintiff did not 'identif[y] any harm that would result from entry of the limited protective order that Craig and Vallee propose.'" (*Id.* at 6 (quoting Doc. 85 at 11 n.3).) He insists that "[t]here is an overwhelming public interest in maximum transparency when it comes to the behavior of government officials who engage in misconduct." (*Id.*)

The TBI defendants argue, in response, that the treatment of TBI investigative records as confidential by Tenn. Code Ann. § 10-7-504(a)(2)(A) provides good cause for entry of a protective order and that the Magistrate Judge correctly applied federal discovery standards while taking into consideration state-law confidentiality measures and that the she appropriately balanced the parties' and the public's competing interests in access to the Case File. The TBI defendants argue that the public's interests in obtaining information from the court record is protected, insofar as the Protective Order is not binding on the court, which remains free to decide whether any information designated as confidential should be filed under seal or otherwise. They also point out

that the Protective Order in no way limits the plaintiff's ability to use the Case File to litigate his claims.

## III.    DISCUSSION

Rule 26(c) authorizes a court to enter a protective order "for good cause shown" to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request." *Sharqawi v. Kirby Co.*, No. 1:20-CV-00271, 2021 WL 4756096, at *1 (N.D. Ohio June 11, 2021) (citing *York v. Am. Med. Sys., Inc.*, No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998)). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citation omitted).

Whether to grant or deny a motion for protective order under Rule 26(c) "falls within the broad discretion of the district court managing the case." *Hunter v. Rhino Shield*, No. 2:18-cv-1097, 2019 WL 12240911, at *1 (S.D. Ohio Nov. 13, 2019) (quoting *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988)); *see also Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) ("District courts have broad discretion over docket control and the discovery process." (citation omitted)). Indeed, "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

The Sixth Circuit has expressly recognized that "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). At the discovery stage, the parties are required to exchange information "that might or might not be relevant to their case."

*Id.* Thus, as the Sixth Circuit has recognized, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). This type of protective order is "often blanket in nature, and allow[s] the parties to determine in the first instance whether particular materials fall within the order's protection." *Id.*

The court finds that the plaintiff has not established that the Magistrate Judge erred in finding that the state law on which the defendants rely was sufficient to establish good cause for entry of the very limited Protective Order at issue here. Moreover, the Magistrate Judge appropriately balanced the parties' competing interests and acknowledged the importance of the public's access to documents filed with the court—a matter that is not yet at issue. At this point, the plaintiff does not even know what the Case File contains, whether any of the information therein is actually relevant to his claims, whether he will rely upon it in court filings, and whether, indeed, the public has any legitimate interest in accessing the information.

The plaintiff, in short, has not shown that the Magistrate Judge abused her discretion by granting the Motion for Protective Order and entering the Protective Order or that the ruling was "contrary to law" or based on "clearly erroneous" factual findings. 28 U.S.C. § 636(b)(1)(A).

## IV. CONCLUSION AND ORDER

The court has reviewed the underlying Memorandum Order to which the plaintiff objects. In that limited sense, the court has granted the plaintiff's Motion for Review. His demands, however, that the Memorandum Order be reversed and that the Protective Order be vacated are **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge