IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOSHUA GARTON, § § | |
| *Plaintiff*, § § | |
| v. § § | Case No. 3:21-cv-00338 |
| § | |
| W. RAY CROUCH, DAVID RAUSCH, § | JURY DEMANDED |
| *et al.* § § | |
| *Defendants*. § | |

**PLAINTIFF'S REPLY TO DEFENDANT CROUCH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## I. INTRODUCTION

Defendant Crouch has responded in opposition (Doc. 97) to Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 96). As grounds, Crouch asserts that "the proposed amendments do not support a request for injunctive and declaratory relief against Crouch." *See* Doc. 97 at 1. Crouch also suggests, based on evidence outside the proposed pleading, that he will ultimately prevail on the merits of a defense to Plaintiff's claim for injunctive and declaratory relief. *See id.* at 2. Because Crouch's arguments are meritless, the Plaintiff's motion for leave should be granted, and his amended pleading should be accepted for filing.

## II. ARGUMENT

**A. THE PLAINTIFF'S PROPOSED AMENDMENT SUPPORTS A CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF.**

Appearing to raise a futility claim, Crouch insists that "the proposed amendments

-1-

do not support a request for injunctive and declaratory relief against Crouch." *See* Doc. 97 at 1. Crouch fails to identify the relevant legal standard and fails to engage with the facts of the proposed pleading, though. He also materially misperceives all of the reasons why an injunction is necessary.

> Beginning with the facts, because Crouch
>
> [P]reviously subjected the Plaintiff to an investigation, arrest, and a prolonged period of incarceration as a result of his exercise of clearly established First Amendment rights, and because the Plaintiff credibly fears that he will experience the same consequences **if he exercises his clearly established First Amendment rights in the same manner again**, the Plaintiff's speech will be irreparably chilled in the absence of a permanent injunction.

Doc. 96-1 at ¶ 116 (emphasis added).

The Plaintiff's worries about Crouch are also well-founded. Beyond the fact that, through March 24, 2022 (well over a year after the initial meme-posting incident), Crouch had opted to keep the Plaintiff's TBI "open and active," *see* Doc. 96-1 at ¶ 121, Crouch also publicly proclaimed that "that he 'wouldn't change anything he did in [Plaintiff's] case' and 'would do the same thing' again while emphasizing that, in his view, the judiciary had determined that Mr. Garton's posting was not protected by the First Amendment," *see* Doc. 96-1 at ¶ 123. During this time, Crouch also expressly declined to disclaim a further investigation and prosecution of the Plaintiff regarding his meme-posting when asked to do so, *see* Doc. 96-1 at ¶ 109, and he insisted that prosecuting the Plaintiff was permissible because his meme "was not protected by the First Amendment," *see* Doc. 96-1 at ¶ 122.

With this context in mind, Plaintiff's need for an injunction was never just limited to Crouch's desire to renew prosecution for Plaintiff's *past* conduct. Instead, an injunction is also necessary to protect Plaintiff "if he exercises his clearly established First Amendment rights in the same manner again[.]" *See* Doc. 96-1 at ¶ 116. Thus, while

Plaintiff certainly appreciates Crouch's concession that "[n]o argument can be made that Plaintiff's meme posting would support a felony prosecution,"[1] *see* Doc. 97 at 1, n.1, this concession does not undermine the need for an injunction, because Crouch's undisputed past enforcement is "good evidence" that the threat of future enforcement "is substantial." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164, (2014) ("the threat of future enforcement of the false statement statute is substantial. Most obviously, there is a history of past enforcement here: SBA was the subject of a complaint in a recent election cycle. We have observed that past enforcement against the same conduct is good evidence that the threat of enforcement is not " ' chimerical.' ") (cleaned up).

In any event, when assessing whether the threat of future enforcement is sufficiently credible to warrant injunctive relief, the Sixth Circuit has:

> [H]ighlighted four commonly recurring factors to consider: (1) Does the relevant prosecuting entity have a prior history of enforcing the challenged provision against the plaintiffs or others? (2) Has that entity sent warning letters to the plaintiffs regarding their conduct? (3) Does the challenged regulatory regime make enforcement easier or more likely? and (4) Did the prosecuting entity refuse to disavow enforcement of the challenged provision against the plaintiffs?

*Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022).

Although satisfying each factor is not necessary, *see id.*, all four weigh in favor of the Plaintiff and injunctive relief.

<u>First</u>, Crouch has a prior history of directing an investigation of the Plaintiff, directing Plaintiff's arrest, and overseeing Plaintiff's prosecution for his meme-posting, which resulted (among other things) in Plaintiff being jailed for an extended time period. *See generally* Doc. 96-1. *See also* Doc. 96-1 at ¶ 126 ("When Defendant Crouch asked the

---

[1] The Plaintiff notes that no argument could be made that Plaintiff's meme posting would support a misdemeanor prosecution, either, though that did not stop Crouch from pursuing one.

-3-

Tennessee Bureau of Investigation to investigate and arrest Mr. Garton for his constitutionally protected meme-posting, agents of the Tennessee Bureau of Investigation Bureau of Investigation did so.").

*Second*, although not transmitted to the Plaintiff directly, Crouch has publicly warned that "he 'wouldn't change anything he did in the case' and 'would do the same thing' again" if given the opportunity. *See* Doc. 96-1 at ¶ 123.

*Third*, the challenged regulatory regime makes enforcement easy. To ensure Plaintiff's investigation and arrest, Crouch need only give the word, and the TBI will see that it is done. *See* Doc. 96-1 at ¶ 125 ("When a District Attorney calls upon the Tennessee Bureau of Investigation to investigate or arrest a target, the Tennessee Bureau of Investigation will do so.").

*Fourth*, Crouch has not only refused to *disavow* enforcement if the Plaintiff posts his meme again, Doc. 96-1 at ¶ 109 ("Defendant Crouch has been asked, through counsel, if he will affirmatively disclaim all future investigation and prosecution of Mr. Garton regarding this matter, and Defendant Crouch has expressly declined to do so."); instead, Crouch has promised that he "'would do the same thing' again" if given the opportunity. *See* Doc. 96-1 at ¶ 123.

Thus, all four factors support injunctive relief; the Plaintiff's proposed amendment is not futile; and Crouch's largely undeveloped futility claim fails.

**B.   CROUCH'S EXTRINSIC EVIDENCE DOES NOT HELP HIM.**

"[I]n considering a futility defense in response to a motion to amend, '[a] court may not consider matters outside the pleadings, such as affidavit evidence[.]'" *Winrock, Inc. v. Resonance Systems, Inc.*, No. 3:21-CV-288-TAV-JEM, 2023 WL 3990051, at *11 (E.D. Tenn. June 13, 2023) (quoting *DP Precise, LLC v. Phoenix Ins. Co.*, No. 13-CV-

-4-

12397, 2014 WL 12662316, at *4 (E.D. Mich. Apr. 23, 2014)). "This is because 'a futility defense tests the legal sufficiency of the pleading, and not the evidentiary support that the moving party has mustered for it.'" *Id.*

This rule notwithstanding, Crouch purports to oppose Plaintiff's proposed amendment based on extrinsic evidence. "A court is prohibited from looking to facts outside the proposed amended pleading when determining whether the amendment is futile[,]" though. *See Pope v. Bradley Cnty., Tennessee*, No. 121CV00159TAVSKL, 2022 WL 16703528, at *4 (E.D. Tenn. Oct. 12, 2022), *report and recommendation adopted sub nom. Pope v. Quality Corr. Health Care*, No. 1:21-CV-159-TAV-SKL, 2022 WL 16701095 (E.D. Tenn. Nov. 3, 2022); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("Hartford argues that the district court's decision should be affirmed because there is evidence in the record, i.e., Rose's criminal indictment on arson charges, that shows that adding Rose's bad faith claim would have been futile. The district court, however, could not have properly considered Rose's indictment on criminal charges on a Rule 12(b)(6) motion to dismiss. Because the criminal indictment qualifies as a 'matter [ ] outside the pleading,' the district court would have had to treat a Rule 12(b)(6) motion and accompanying indictment as a motion for summary judgment."). So what Crouch asks this Court to do is forbidden.

Neither does Crouch's extrinsic evidence actually help him. Crouch claims that "Plaintiff, through discovery, knows that his factual assertions are negated by evidence currently in his possession," and he asserts that the Plaintiff seeks "to amend his complaint with assertions that have no basis in fact." *See* Doc. 97 at 2. If the statements that Crouch himself made to the Dickson Post to the effect that "he 'wouldn't change anything he did in the case' and 'would do the same thing' again" if given the opportunity

are not true, though, then the Plaintiff is certainly unaware of it. *See* Doc. 96-1 at ¶ 123. It is also true that:

> Following entry of the Court's 1/28/22 Memorandum Order—and, more specifically, during the Parties' (unrecorded) case management conference held on March 24, 2022—counsel for the TBI Defendants made a significant disclosure: That the TBI's investigative file regarding Mr. Garton's meme-posting was still open and active, and that it was still open and active specifically because Defendant Crouch had opted to keep it open and has not yet instructed the TBI to close it.

*See* Doc. 96-1 at ¶ 121.

Crouch apparently perceives that a letter he later sent to the TBI on April 26, 2022 changes things. It does not. The letter was sent well over a year after the underlying incident and a year after this litigation was filed. Coincidentally, though, it was sent *just two days* after Plaintiff observed in his response to Defendants' motion for a protective order that "the TBI's investigative file regarding Mr. Garton's meme-posting was still open and active," *see* Doc. 74 at 3, and that:

> Notwithstanding Defendant Crouch's earlier representations that the Plaintiff's fear of reinvestigation and re-prosecution were subjective and imaginary, the undersigned has also discovered that Defendant Crouch publicly boasted to the Dickson Post just weeks before this Court's Memorandum Order was entered that he "wouldn't change anything he did in the case" and "would do the same thing" again.

*Id.*

Put another way: The audience for Crouch's letter was not actually the TBI, and its true purpose was not to secure closure of the TBI's file. Instead, the letter was drafted specifically in the hopes of opposing the exact injunctive relief that the Plaintiff is seeking in this litigation, which the Plaintiff had disclosed his intention to replead. In other words: The letter was and is a sham, and it certainly does not render Plaintiff's assertions false. To the contrary, Crouch's own public statements outside of this litigation and the

-6-

fact that Crouch kept the Plaintiff's TBI file open up until the moment Plaintiff's counsel brought to this Court's attention Crouch's statements to the Dickson Post about his willingness to re-prosecute the Plaintiff reveal his true intentions, a letter that Crouch drafted in the hopes of benefiting himself in this litigation notwithstanding.

Nor does Crouch's insistence that the misdemeanor statute of limitations arising from the Plaintiff's original meme-posting has now expired help him. Indeed, Crouch's emphasis that the "the time has passed for any misdemeanor prosecution of Plaintiff for the meme posting" (Doc. 97 at 1) cuts *in favor of* the need for an injunction. More specifically, if Crouch had no intention of re-prosecuting the Plaintiff should he again engage in the exact conduct giving rise to this lawsuit, then the fact that the misdemeanor statute of limitations arising from the first posting has expired would be irrelevant. Instead, Crouch would simply promise that no future prosecution will occur because posting a constitutionally protected meme is not illegal. Crouch is clearly unwilling to do that, though. *See* Doc. 96-1 at ¶ 109 ("Defendant Crouch has been asked, through counsel, if he will affirmatively disclaim all future investigation and prosecution of Mr. Garton regarding this matter, and Defendant Crouch has expressly declined to do so."). And he is specifically unwilling to do that because—in Crouch's own words—he **"'would do the same thing again'"** if given the chance. *See* Doc. 96-1 at ¶ 123 (emphasis added).

In summary: Separate and apart from the fact that Crouch asks this Court to consider extrinsic evidence that it may not, Crouch simply is not being straightforward with the Court. He has told the Court one thing about his intentions while telling the public another during this litigation. He has declined every opportunity to assure the Plaintiff that he will not be re-prosecuted if he reposts the meme at issue. Outside of this litigation, Crouch has also affirmatively promised that he *will* re-prosecute the Plaintiff if

-7-

he reposts the meme at issue. For all of these reasons, the Plaintiff reasonably—and accurately—alleges that he has "a credible and well-founded justification for fearing that, if given the opportunity, Defendant Crouch will prosecute Mr. Garton for posting the meme at issue absent issuance of an injunction[,]" *see* Doc. 96-1 at ¶ 124. By contrast, Crouch's claim that the Plaintiff has pleaded facts he knows to be false is absurd, and his futility claims fail in every respect.

### III. CONCLUSION

Leave to file the Plaintiff's proposed Second Amended Complaint should be freely given, and that the Plaintiff's motion for leave should be **GRANTED**.

Respectfully submitted,

/s/ Daniel A. Horwitz_____
Daniel A. Horwitz, BPR #032176
Lindsay E. Smith, BPR #035937
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2023, a copy of the foregoing was transmitted via CM/ECF to:

Amanda S. Jordan
Meghan Murphy
Senior Assistant Attorneys General
P.O. Box 20207
Nashville, TN 37202-0207
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov


Mary Elizabeth McCullohs
Lauren Kisner
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
mary.mccullohs@ag.tn.gov
lauren.kisner@ag.tn.gov


Ross Vincent Smith
Kristin Ellis Berexa
Farrar & Bates, LLP
12 Cadillac Drive
Suite 480
Nashville, TN 37027
(615) 254-3060
Fax: (615) 254-9835
ross.smith@farrar-bates.com
kristin.berexa@farrar-bates.com

By: /s/ Daniel A. Horwitz