IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | | |
|---|---|---|
| JOSHUA GARTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00338 |
| | § | |
| W. RAY CROUCH, *et al.*, | § | JURY DEMANDED |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY TO CRAIG AND VALLEE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

# I. INTRODUCTION

TBI Defendants Craig and Vallee—but not TBI Defendant Rausch, who is the subject of the Plaintiff's proposed amendment—have responded in opposition (Doc. 99) to Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 96). Though the basis for their opposition is not clear from their Response, Defendants Craig and Vallee appear to argue either: (1) that amendments can never follow previously dismissed claims, or (2) that the Plaintiff's specific proposed amendment is futile based on reasons that their Response fails to identify. Because Defendants Craig and Vallee lack standing to oppose an amendment concerning a claim that is asserted against other parties, though, they cannot even be heard in opposition here. Regardless, because the merits of their opposition are baseless, the Plaintiff's motion for leave to amend should be granted.

# II. ARGUMENT

**A. CRAIG AND VALLEE LACK STANDING TO CONTEST AN AMENDMENT THAT ADDRESSES A CLAIM THAT CONCERNS OTHER PARTIES.**

The Plaintiff has proposed to amend his complaint to cure a previously-asserted

-1-

deficiency regarding his claim for injunctive and declaratory relief by supplementing the allegations underlying it.[1] *See* Doc. 96-1 at ¶¶ 121–127. The Plaintiff's claim for injunctive and declaratory relief is not asserted against Defendants Craig and Vallee, though. *See* Doc. 96-1 at 27 ("Claim #7: Injunctive and Declaratory Relief Against the City of Dickson and Defendants Crouch and Rausch in their Official Capacities"). Nonetheless, Craig and Vallee are the only TBI defendants to have opposed it. *See* Doc. 99 at 1.

"[F]ederal courts adhere to a prudential standing rule that 'bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'" *Hartman v. Acton*, 613 F. Supp. 3d 1015, 1022 (S.D. Ohio Apr. 21, 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 491, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). Thus, as a general matter, litigants must assert their own legal rights and "cannot rest a claim to relief on the rights or interests of third parties." *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 363 (6th Cir. 2012). *See also In re Adoption of M.J.S.*, 44 S.W.3d 41, 60 n.6 (Tenn. Ct. App. 2000) ("[A]s a general rule, a litigant does not have standing to assert another person's legal rights.").

This rule controls here. The proposed amendment supplements allegations concerning a single specific claim that is not asserted against either Defendant Craig or Defendant Vallee. *See* Doc. 96-1 at 27. Even so, Defendants Craig and Vallee purport to oppose the Plaintiff's proposed amendment concerning that claim. *See* Doc. 99. Because the claim does not concern them, though, Defendants Craig and Vallee lack standing to do so. *See Warth*, 422 U.S. at 491. Their opposition should be overruled accordingly.

---

[1] Because the Plaintiff was granted leave to amend by a date certain, earlier-dismissed claims have been repleaded without modification to preserve them for appeal. *Cf. Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice *and without leave to amend*, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.") (emphasis added).

## B. THE MERITS OF CRAIG'S AND VALLEE'S OPPOSITION ARE MERITLESS.

Defendants Craig and Vallee also oppose the Plaintiff's proposed amendment on the asserted basis that it is futile. *See* Doc. 99 at 1–2. Because their opposition is undeveloped, though, the underlying basis for that argument is not entirely clear.

On one reading, Craig and Vallee appear to be arguing that amendments can *never* follow earlier-dismissed claims. *See* Doc. 99 at 2 ("Here, Plaintiff's proposed amendment seeks to add factual allegations to support his claim for declaratory and injunctive relief, which has already been dismissed for failure to state a claim. (DE 62, PageID# 1933). Therefore, Defendants contend Plaintiff's proposed amendment is futile and the Court should deny Plaintiff's motion to amend the complaint."). If that is, in fact, the Defendants' argument, it is wrong. Amending to cure an earlier complaint's deficiencies is a common and permitted practice. *See, e.g., United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990) ("Often a plaintiff will be able to amend its complaint to cure standing deficienc[i]es."). Thus, it is only a "'repeated *failure* to cure'" deficiencies through amendments that would warrant denial on futility grounds. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). *See also Dunfee v. Finchum*, 132 F. Supp. 3d 968, 973 (E.D. Tenn. 2015); *Dorman Prod., Inc. v. Dayco Prod., LLC*, 749 F. Supp. 2d 630, 643 n.17 (E.D. Mich. 2010).

On another reading, Craig and Vallee may instead be arguing that because this Court determined earlier in litigation that the Plaintiff's claim for injunctive and declaratory relief should be dismissed for failure to state a claim, the Plaintiff's proposed amendment is futile. *See* Doc. 99 at 2. But the Plaintiff has proposed to supplement his allegations on the matter, which is the point of the proposed amendment. Defendants

-3-

Craig and Vallee also fail to explain how those supplemented allegations—none of which is mentioned in their Response—would not support a claim for injunctive and declaratory relief here. Thus, the Defendants have made no meaningful attempt to establish the futility of the Plaintiff's proposed amendment, even though "Defendants have the burden of establishing futility." *White v. Emergency Medicing Billing & Coding* Co., No. 11-14207, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting cases). *See also Runser v. City of Dayton*, No. 3:21-CV-160, 2021 WL 5630735, at *2 (S.D. Ohio Dec. 1, 2021) ("The party (or parties) opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile."); *Vella v. Adell Broad. Corp.*, No. 13-CV-10061, 2014 WL 12923401, at *3 (E.D. Mich. Dec. 17, 2014) ("Defendant, indeed, has the burden of establishing futility.").

Defendants' Craig and Vallee's failure to develop their argument notwithstanding, the Plaintiff's proposed amendment also is not futile. This Court previously dismissed the Plaintiff's claims for injunctive and declaratory relief on the basis that "Garton's allegations fail to establish an ongoing violation of federal law or a credible threat by either Crouch or Rausch to engage in further unconstitutional conduct." *See* Doc. 61 at 40. The Plaintiff has since supplemented his claims with additional allegations that, at Crouch's instruction, the TBI Defendants maintained an open and active investigative file regarding Mr. Garton's meme-posting through at least March 24, 2022, *see* Doc. 96-1 at ¶ 121; that Crouch "publicly boasted to the Dickson Post some eight months after this action was filed that he 'wouldn't change anything he did in the case' and 'would do the same thing' again while emphasizing that, in his view, the judiciary had determined that Mr. Garton's posting was not protected by the First Amendment," *id*. at ¶ 123; that "[w]hen a District Attorney calls upon the Tennessee Bureau of Investigation to

-4-

Case 3:21-cv-00338 Document 100 Filed 06/26/23 Page 4 of 7 PageID #: 2137

investigate or arrest a target, the Tennessee Bureau of Investigation will do so[,]" *id*. at ¶ 125; that "[w]hen Defendant Crouch asked the Tennessee Bureau of Investigation to investigate and arrest Mr. Garton for his constitutionally protected meme-posting, agents of the Tennessee Bureau of Investigation Bureau of Investigation did so[,]" *id*. at ¶ 126; and that the TBI has "steadfastly defended the asserted legality of its investigation and arrest of Mr. Garton as lawful[.]" *Id*. at ¶ 127. Under these circumstances, all four of the non-exhaustive factors that support a credible threat of future enforcement are present. *See Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022); *see also* Doc. 98 at 3–4. Further, even unaccompanied by Crouch's boasting that he would "would do the same thing again" if the opportunity presented itself, *see* Doc. 96-1 at ¶ 123, the fact of the TBI's and Crouch's joint and undisputed past enforcement alone is "good evidence" that the threat of future enforcement "is substantial." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164, (2014). Accordingly, the Plaintiff's claim for injunctive and declaratory relief is not futile; leave to amend "'shall be freely given'" as a result, *see Leary*, 349 F.3d at 905 (cleaned up); and Craig and Vallee's claim to the contrary should be rejected.

### III. CONCLUSION

Leave to file the Plaintiff's proposed Second Amended Complaint should be freely given, and that the Plaintiff's motion for leave should be **GRANTED**.

Respectfully submitted,

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Lindsay E. Smith, BPR #035937
Melissa K. Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2023, a copy of the foregoing was transmitted via CM/ECF to:

Amanda S. Jordan
Meghan Murphy
Senior Assistant Attorneys General
P.O. Box 20207
Nashville, TN 37202-0207
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov


Mary Elizabeth McCullohs
Lauren Kisner
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
mary.mccullohs@ag.tn.gov
lauren.kisner@ag.tn.gov


Ross Vincent Smith
Kristin Ellis Berexa
Farrar & Bates, LLP
12 Cadillac Drive
Suite 480
Nashville, TN 37027
(615) 254-3060
Fax: (615) 254-9835
ross.smith@farrar-bates.com
kristin.berexa@farrar-bates.com

By:    /s/ Daniel A. Horwitz