## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JOSHUA GARTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00338 |
| | § | |
| W. RAY CROUCH, DAVID RAUSCH, | § | JURY DEMANDED |
| BRADLEY NEALON, RUSSELL | § | |
| WINKLER, JOSHUA MELTON, | § | |
| JOSEPH CRAIG, DONALD ARNOLD, | § | |
| ANDREW VALLEE, and | § | |
| CITY OF DICKSON, TENNESSEE, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO REVISE INTERLOCUTORY ORDER [DOC. 107]

### I. INTRODUCTION

Comes now the Plaintiff, through counsel, and pursuant to Fed. R. Civ. P. 54(b) and this Court's common law authority, respectfully moves this Court to revise its August 1, 2023 Order (Doc. 107) to clarify that counsel for the Plaintiff, Joshua Garton, timely appeared for the pre-settlement conference telephonic conference call but was disconnected from the line. As grounds for this motion, the Plaintiff states as follows:

### II. FACTS

On July 14, 2023, this Court entered a scheduling order regarding a scheduled judicial settlement conference. *See* Doc. 105. The order provided for various pre-conference requirements and associated deadlines with which the Plaintiff uniformly complied. *Id.* One of those requirements was an instruction to attend "[a] pre-settlement

-1-

telephone conference is scheduled for August 1, 2023, at 10:00 a.m." *Id*. at 1.

On August 1, 2023, one of the Plaintiff's attorneys, Brice Timmons, was "on the line at 10," after which time he "was dropped off the call."[1] *See* **Ex. 1** at 2. Mr. Timmons had an associate contact the Court and also contacted co-counsel in an attempt to figure out what had happened. A short while later, the Courtroom Deputy to Magistrate Judge Newbern explained:

> Our 9:30 a.m. conference took longer than anticipated, so you are correct that you joined at the tail end of the previous conference. I'm not sure if this occurred, but sometimes the Court technology will disconnect and make it difficult for the participant to reconnect to the conference line. Today's conference did not go forward and is reset for tomorrow, August 2, 2023 at 10:00 a.m.

*Id*. at 1.

Mr. Timmons then responded that that is "exactly what happened" and that he would appear for the reset conference the following day. *See id*. The same afternoon, though, this Court issued an order stating:

> The Court set a pre-settlement-conference telephone call with the Magistrate Judge on August 1, 2023, at 10:00 a.m. Counsel for Defendants Crouch, Craig, and Vallee appeared. Counsel for Plaintiff Joshua Garton did not.
>
> In the interest of judicial economy, the Court will not reset the telephone conference. The settlement conference will begin at 10:00 a.m. on August 3, 2023.

*See* Doc. 107.

## III. ARGUMENT

Absent exceptions that are not implicated here, Fed. R. Civ. P. 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the

---

[1] At the time of the scheduled call, three of the Plaintiff's other attorneys were in a trial in state court, the timing of which was disclosed to the Court in advance of the scheduling order being entered. *See* **Ex. 1** at 2.

claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Thus, under Rule 54(b)—and additionally under its common law authority—District Courts have authority to revise interlocutory orders at any time before entry of a final judgment. *See Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.") (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.")).

Here, this Court should exercise its authority to revise its August 1, 2023 interlocutory order. It should do so by clarifying that counsel for the Plaintiff timely appeared for the pre-settlement conference telephonic conference call but was disconnected from the line. The Plaintiff and his attorneys sincerely apologize for the technological difficulties and the miscommunication that followed them. At the same time, it is important to them that this Court's order not reflect that they failed to comply with a scheduling order when they did.

### IV. CONCLUSION

For the foregoing reasons, this Court should revise its August 1, 2023 Order (Doc. 107) to clarify that counsel for the Plaintiff timely appeared for the pre-settlement conference telephonic conference call but was disconnected from the line

Respectfully submitted,

/s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
LINDSAY SMITH, BPR #035937
MELISSA K. DIX, BPR #038535
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

*Attorneys for Plaintiff*

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2023, a copy of the foregoing was transmitted via CM/ECF to:

Amanda S. Jordan
Meghan Murphy
Senior Assistant Attorneys General
P.O. Box 20207
Nashville, TN 37202-0207
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov


Mary Elizabeth McCullohs
Lauren Kisner
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
mary.mccullohs@ag.tn.gov
lauren.kisner@ag.tn.gov


By:     /s/ Daniel A. Horwitz